A. C. ROSS, District Director of Internal Revenue for the District of Georgia, Appellant,

v.

Harry T. EVANS, Appellee.

No. 20538.

United States Court of Appeals Fifth Circuit.

Nov. 18, 1963.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., Meyer Rothwacks and Ralph A. Muoio, Attys., Dept. of Justice, Washington, D. C., for appellant.

John W. Rogers, Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM.

The appellee, Harry T. Evans, filed his complaint in the District Court for the Northern District of Georgia, against the appellant District Director, seeking to restrain the collection of a penalty which had been assessed against him by the Internal Revenue Service. A temporary restraining order was entered on December 5, 1962. By an order dated December 14, 1962, the temporary restraining order was continued in full force and effect until the further order of the court. This order was entered by consent of the parties. On January 21, 1963, the District Director filed a motion to dismiss the complaint. The District Director did not, by this motion or at any other time or in any other manner seek to dissolve the temporary restraining order. By its order dated February 8, 1963, the court denied the motion to dismiss. In its order the court referred to the consent restraining order and held that it should remain in effect.

The District Director has appealed from the order denying the motion to dismiss. An order denying a motion to dismiss is interlocutory and not appealable. Connell v. Dulien Steel Products, Inc., 5th Cir. 1957, 240 F.2d 414. The temporary restraining order was extended by consent. See Rule 65, Fed. Rules Civ.Proc. Where, as here, the temporary restraining order has been entered by consent until the further order of the court, and no application has been made to dissolve the restraining order, and no orders have been made with respect to the restraining order except to continue it in force, it will not have lost its character as a nonappealable tem-

porary restraining order and become converted into an appealable preliminary injunction. 28 U.S.C.A. § 1292.

It appearing that there is no appealable order, no jurisdiction is present and, without reaching the merits, the appeal will be

Dismissed.