**Bruce NELSON, Plaintiff-Appellant,**

v.

**Morris ROSENTHAL, Defendant-Appellee.**

No. 76–3502.

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1976.

Bruce W. Nelson pro se.

Lawrence T. Girard, Decatur, Ga., for Rosenthal-defendant-appellee.

ORDER

Before GODBOLD, DYER and HILL, Circuit Judges.

BY THE COURT:

On August 30, 1976, the Internal Revenue Service (IRS) issued a summons under the provisions to Title 26 U.S.C.A. § 7602[1] requiring that the defendant, accountant,

---

1. 26 U.S.C.A. § 7602 provides:

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person

Morris Rosenthal, produce certain records[2] in his possession and control pertaining to a certain client, Bruce Nelson. The time for appearance was set for 9:00 a. m., E.S.T. September 13, 1976.

On September 10, 1976, the plaintiff, Bruce Nelson, appeared *pro se* in the United States District Court for the Northern District of Georgia and presented his motion for a temporary restraining order naming only his accountant as a defendant. A complete copy of the complaint is attached as an appendix to this opinion. The plaintiff sought, *inter alia*, to enjoin the defendant from producing the records summoned by the IRS. The district court declined to enter any temporary restraint. On September 13, 1976, upon motion of the plaintiff, this court stayed compliance with the summons in order that this matter might receive more thorough consideration.[3]

While denominated an emergency appeal,[4] it would appear that the *pro se* plaintiff may be seeking a writ of mandamus to compel the district court to grant him the relief sought. Upon careful consideration we decline to grant such relief, or to issue any other ruling that would require the district court to act on the matter favorably to the plaintiff.

Even a cursory reading of the plaintiff's complaint reveals that his controversy is with the Internal Revenue Service. However, neither the Commissioner nor any of his agents are named as a defendant.[5] Instead, the gravamen of the complaint is a threatened breach of an implied contract between the plaintiff and his personal accountant. The threatened breach, it is asserted, results from the fact that an Internal Revenue agent has caused a summons to be issued and served upon the defendant-accountant under the provisions of Section 7602 of the Internal Revenue Code. The summons requires the defendant to appear to give testimony and to produce certain

---

having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

2. The summons called for:
All records of Bruce W. or Lonna J. Nelson, Pizza Ring # 5, Pete's A Pie, Craighead Kennels, or Aranaire which are currently in your possession.
Records of any and all work performed by you or your employees for the aforementioned individuals or businesses. To include, but not limited to:
(1) All workpapers used to prepare books, records, computer runs, financial statements, year end summaries, schedules, applications, or tax returns.
(2) Retained copies of the above.
(3) Correspondence for, from, or on behalf of the above.
(4) Records showing amounts received by you or your employees as a result of work done for or on behalf of the above.

3. In an attempt to expedite this matter the court contacted counsel for the defendant and Regional Counsel for IRS as well as the United States Attorney's office. Counsel for the defendant expressed his desire to cooperate fully with the court in this matter, but indicated his neutrality with regard to the merits. The Internal Revenue Service through the Department of Justice indicated it *would not* file a brief in the matter.

4. It is, of course, clear that temporary restraining orders are not appealable. *Smith v. Grady*, 411 F.2d 181, 186 (5th Cir. 1969); *Chandler v. Garrison*, 394 F.2d 828 (5th Cir. 1967); *Dilworth v. Riner*, 343 F.2d 226, 229 (5th Cir. 1965); *Ross v. Evans*, 325 F.2d 160 (5th Cir. 1963).

5. Plaintiff has carefully not invited the Internal Revenue Service to this litigation by naming it or its agents as parties. However, he instinctively recognizes that he is really seeking relief against that agency when, in his prayer for a temporary restraining order, he demands restraint of "all enjoining Defendants [sic], and each of them, and their agents . . . from examining investigation [sic] or observing all records . . . concerning the Plaintiff . . . that are in the possession of [sic]/or control of the Defendant . . . .."

records relating to the financial affairs of the plaintiff. It is the alleged threat that the defendant-accountant will voluntarily[6] respond to the summons that brought the plaintiff to the district court.

In light of the fact that under *United States v. Miller,* —— U.S. ——, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); *Fisher v. United States,* —— U.S. ——, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), and *Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973), there is little, if any, likelihood that the plaintiff will ultimately prevail in this litigation based upon his claimed Fourth and Fifth Amendment rights (or First and Ninth Amendment assertions raised in a memorandum),[7] we cannot say that the district court abused its discretion in declining to issue temporary restraint. We pretermit any decision as to the jurisdiction of the district court to entertain this action apparently between two Georgia citizens based upon an alleged anticipatory breach of contract.

Thus, the application of the plaintiff for "reversal" on appeal or mandamus is hereby DENIED and the case remanded to the district court for such further proceedings as it deems necessary.

## APPENDIX

United States District Court,

N. D. Georgia

Sept. 10, 1976.

BRUCE W. NELSON

Plaintiff

v.

Morris Rosenthal, C.P.A.

Defendant

Complaint for Injunctive Relief (1) for Temporary Restraining Order to Prevent Seizure of Property (2) for Invasion of Privacy and Mental Distress

Comes now the Plaintiff and for cause of action against the Defendant, alleges as follows:

### I

That at all times herein mentioned, Plaintiff was and is a citizen of the United States, and a citizen of the State of Georgia, residing in the County of DeKalb, State of Georgia.

### II

Jurisdiction in this matter is conferred upon this court because this is an action of a civil nature arising under the Constitution of the United States and the law of Congress, more particularly under Title 28 U.S.C. § 1331(a): § 1340: § 1343(1) and (4) and under the Fourth and Fifth Amendments of the Constitution of the United States, as hereinafter more fully appears.

### III

Defendant Morris Rosenthal is a C.P.A. and has as office located at 2511 Carroll Avenue, Suite 210, Atlanta, Georgia.

### IV

That the Defendant Morris Rosenthal, C.P.A. is self employed.

### V

That for several years last past, Plaintiff entered into a contractual relationship with

---

**6.** It is to be noted that there have been no proceedings instituted by the government under Title 26 U.S.C.A. § 7604 or otherwise to obtain an order of court enforcing the summons.

**7.** In a Memorandum of Points and Authorities the plaintiff also implies that the summons is being improperly used for a criminal investigation. *See Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

the Defendant, Morris Rosenthal, C.P.A. with the implied understanding and agreement that any accounting transactions conducted by said Plaintiff with said Defendant Morris Rosenthal, C.P.A. would be held in the strictest of confidence by said Defendant, Morris Rosenthal, C.P.A. and that said records, ledger sheets, cancelled checks, profit and loss statements, or any other records pertaining to the business of Plaintiff, would be kept inviolate and such information would not be distributed or given to any person whatsoever without the expressed consent and permission of the Plaintiff.

### VI

That on or about the 30th day of Aug. 1976 Brigham R. Simmons, while employed as an agent of the Internal Revenue Service, caused a summons to be issued, which appears in Exhibit "A" attached hereto and made a part hereof as though set forth in full.

### VII

That said summons would cause Defendant, Morris Rosenthal, C.P.A. to appear before Simmons on the 13th day of Sept. 1976 and to testify to, and to produce for examination, at such appearance, all profit and loss statements, ledger sheets, or any other records pertaining to the financial condition of the Plaintiff, that are in his possession or control for the calendar year: 1975.

### VIII

That said documents and records are the personal and private property of the Plaintiff, Bruce W. Nelson, and reflect the personal and private transactions of the Plaintiff, Bruce W. Nelson with said Defendant Mr. Morris Rosenthal, C.P.A.

### IX

That unless said Defendant, Morris Rosenthal, C.P.A. is enjoined and restrained from delivering said books and records to Simmons, said Defendant will cause the above mentioned personal and private property of the plaintiff to be delivered to Simmons of the Internal Revenue Service.

### X

That such conduct if permitted to take place, will deprive Plaintiff of Plaintiff's right afforded him under the United States Constitution, To-wit: under the Fourth Amendment, to be free from search and seizure, and to be secure in one's person and property, and under the Fifth Amendment of the Constitution which provides protection against being compelled to testify against one's self or otherwise incriminate one's self, and under the 1st amendment which provides the right not to speak even when compelled, and under the Ninth Amendment which guarantees other rights not enumerated elsewhere in the United States Constitution. That is addition thereto, Plaintiff has the right of privacy and the right to have his records which he has given to the Defendant Morris Rosenthal in the strictest of confidential relationship, kept involated and kept from disclosure by the subpoena of the Internal Revenue Service, without either the consent of the Plaintiff or immunity having been granted the Plaintiff pursuant to the Fifth Amendment of the Constitution of the United States.

### XI

That on or about the 30th day of Aug., 1976, Morris Rosenthal, C.P.A. Defendant, informed Plaintiff, Bruce W. Nelson of the Summons and date set forth in the summons which appears in Exhibit "A" attached hereto and made a part hereof, as though set forth in full.

### XII

That Plaintiff has no speedy or adequate remedy at law and Plaintiff will suffer great and irreparable injury unless said Defendant Morris Rosenthal, C.P.A. is enjoined and restrained from delivering books and records requested in the summons to Brigham R. Simmons. WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as hereafter set forth, during the pendency of this action:

2. For a Temporary restraining order, a preliminary injunction, and a permanent in-

junction, all enjoining Defendants, and each of them, and their agents, servants and employees, and all persons action under, in concert with, or for them, from examining, investigation or observing all records, documents, reports, ledgersheets, profit and loss statements concerning the Plaintiff Bruce W. Nelson that are in the possession of/or control of the Defendant, Morris Rosenthal, C.P.A. and from allowing Defendant Morris Rosenthal, C.P.A. or any of his agents, employees, attorneys or other persons in concert with his activity, giving access to the aforementioned records to Brigham R. Simmons.

3. For such other and further relief as the Court may deem just and proper.

---

(s) Bruce W. Nelson