**HAITIAN REFUGEE CENTER et al.,**
**Plaintiffs-Appellees,**

v.

**Benjamin R. CIVILETTI, Attorney**
**General of the United States, et**
**al., Defendants-Appellants.**

No. 79–3690.

United States Court of Appeals,
Fifth Circuit.

March 21, 1980.

Daniel E. Fromstein, Atty., Crim. Div., U. S. Dept. of Justice, Rex Young, Atty., Immigration & Naturalization Service, Dept. of Justice, Washington, D. C., for defendants-appellants.

Peter Schey, Legal Services Aliens' Rights Program, Los Angeles, Cal., Ira Kurzban, Miami, Fla., for plaintiffs-appellees.

Bruce J. Winick, Coral Gables, Fla., for amicus American Civil Liberties Union Foundation of Florida.

Brian R. Hersh, Miami, Fla., for amicus Assn. of Immig. and Nationality Lawyers, S. Fla. Chapter.

Before GODBOLD, GARZA and RANDALL, Circuit Judges.

PER CURIAM:

This appeal springs from a putative class action brought in the Southern District of Florida on May 9, 1979, questioning on constitutional and statutory grounds practices and procedures allegedly followed by the defendants in handling and processing applications of Haitian nationals who seek political asylum in the United States. Plaintiffs asked declaratory and injunctive relief and relief in the nature of mandamus.

On July 23, 1979, the individual plaintiffs applied for a temporary restraining order enjoining defendants from removing plaintiffs and proposed class members from the United States and from requiring plaintiffs and proposed class members to appear in

deportation hearings which, it was alleged, were being conducted without due process. The district court conducted a conference with counsel on July 23 at which counsel for defendants agreed to the entry of an order preserving the status quo. Counsel for defendants reiterated their agreement in a letter to the district judge on July 24. On July 25, the district court entered an "Order Granting Injunctive Relief." The order recited that it was based upon the agreement of the parties. It restrained the Commissioner of the Immigration and Naturalization Service from transporting out of the United States various Haitian nationals or otherwise executing final orders of deportation or voluntary departure entered against them. The purpose of the order was stated as follows:

> This order is entered to preserve the status quo in this matter and to insure that potential class members are not removed by INS from the jurisdiction of this Court pending a further hearing in this action.

The July 25 order set plaintiffs' motion for a preliminary injunction for hearing September 8, 1979. At the hearing, actually conducted September 10–12, the taking of testimony was not completed. The matter was continued to October 9 for further hearing, and defendants agreed that the July 25 order would continue in effect.

Pursuant thereto the court entered, on September 12, its second injunctive order.[1] With small variations not material to our decision it simply continued the July 25 order in effect. Before the continued hearings were completed in the district court the defendants filed this appeal under 28 U.S.C. § 1292(a)(1), seeking to overturn the September 12 preliminary injunction.[2]

The defendants cannot appeal from an injunction to which they agreed. *In re 4145 Broadway Hotel Co.*, 100 F.2d 7 (7th Cir. 1938); *see Swift & Co. v. U. S.*, 276 U.S. 311, 324, 48 S.Ct. 311, 72 L.Ed. 587, 596 (1928); *U. S. v. Babbitt*, 104 U.S. 767, 26 L.Ed. 921 (1882); *Pacific Railroad Co. of Missouri v. Ketchum*, 101 U.S. 289, 295, 297, 25 L.Ed. 932, 935–36 (1880) (orders or decrees entered with consent of parties generally not appealable); *cf. Ross v. Evans*, 325 F.2d 160 (5th Cir. 1963) (temporary restraining order extended by consent of parties and therefore not appealable as preliminary injunction).

The appeal is DISMISSED.

---

1. Whether this second order is appealable as a preliminary injunction is not free from doubt. Its proper characterization is inextricably entangled with a complicated series of questions, including the proper characterization of the first order (on which the parties differ) and the effect of the second as a continuation thereof, and with the issues of whether defendants consented to the first order and/or the second. The district judge considered the second order as a preliminary injunction and so described it. The defendants urge that, however it was labeled, its effect was that of a preliminary injunction. In the circumstances, and in the interest of judicial economy, we cut through the Gordian knot, assume that the second order is appealable, and address the question whether defendants can question on appeal an order to which they consented.

2. Defendants acknowledge that any effort to appeal the July 25 order would be untimely.

Defendants' primary concerns are basically twofold. They contend that the merits proceedings in the district court have gone more slowly and taken longer than they anticipated. Also they seek to obtain from this court a declaration that in the merits trial the district court must not inquire into political conditions in Haiti because the determination of those conditions, insofar as they are relevant to a claim for asylum, is exclusively reserved to the executive branch of the government.

Obviously this case is of substantial concern to the government officials who have been sued and to the public at large, as well as to the plaintiffs in the putative class. The proceedings in the district court appear to be drawing to a conclusion. During oral argument we were told that the merits trial has been completed and that briefing has been or soon will be completed.