Eddie L. STITES and Debbie I. Towler,
Husband and Wife,
Plaintiffs-Appellants,

v.

UNITED STATES GOVERNMENT, et
al., Defendants-Appellees.

No. 84–2086
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1984.

Eddie L. Stites, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen.,
Michael L. Paup, Chief Appellate Sec.,
Gary R. Allen, Raymond W. Hepper, Tax
Div., U.S. Dept. of Justice, Washington,
D.C., Daniel K. Hedges, U.S. Atty., Houston, Tex., Wm. Guild, Tax Div. Dept. of
Justice, Dallas, Tex., for U.S. Government,
et al.

Baker & Botts, Stephen G. Tipps, Houston, Tex., for Houston Lighting & Power
Co. & W.W. Foyt.

Before WILLIAMS, JOLLY, and HILL,
Circuit Judges.

PER CURIAM:

This is another case in which citizens
take it upon themselves to impose upon the
federal courts their frivolous and irresponsible claims that wages are not income and
that federal income and social security taxes are unconstitutional. Eddie Stites and
Debbie Towler, husband and wife, filed a
pro se complaint and motion for a temporary writ of prohibition in the district court.
In their complaint Stites and Towler named
numerous entities and individuals as defendants, including the United States
Government, the Commissioner of Internal
Revenue, an individual IRS officer, and
Stites' employer, Houston Lighting and
Power Co. Stites and Towler, as "free,
soverign [sic], and natural citizen(s)", demanded the return of "all taxes erroneously and illegally collected through fear and

intimidation for the years of 1979, 1980, 1981, 1982." They also asked that the IRS be prohibited "from seizing, attempting to seize or placing any liens against any of Plaintiff's Assets and/or to remove any lien already in place...." Stites and Towler in addition demanded a trial by jury in order to assess damages for the defendants' alleged violations to their rights in regard to forcing payment of the disputed taxes.

As ground for their demand for relief, Stites and Towler maintained that federal income and social security taxes are unconstitutional under Art. 1, §§ 2 and 9, of the United States Constitution, and that "Defendants are part of a giant conspiracy to deprive Plaintiffs of their Property under the erroneous idea that Wages are Income...." Lastly, taxpayers made broad conclusionary allegations that defendants interfered with certain of their constitutional rights, such as their freedom of speech, right to work, and right to petition the government.

The district court responded with an order in which it held that it lacked jurisdiction to hear the taxpayers' request for injunctive relief and the refund of previously paid taxes. The district court found the remainder of taxpayers' complaint frivolous, but granted them 20 days in which to file an amended complaint. After the taxpayers by way of their "amendment" repeated essentially the same arguments and requests for relief, the district court issued a memorandum order, stating that it did not have jurisdiction over their action by reason of Anti-Injunction Act, 26 U.S.C. § 7421(a). It also found that taxpayers' suit was founded upon frivolous grounds. Taxpayers filed a timely notice of appeal.

■ The courts have time and again rejected taxpayer attacks on the constitutionality of the income tax laws. *E.g., Davis v. United States Government,* 742 F.2d 171 (5th Cir.1984); *Parker v. C.I.R.,* 724 F.2d 469, 471 (5th Cir.1984); *Edwards v. C.I.R.,* 680 F.2d 1268, 1270 (9th Cir.1982); *Lonsdale v. C.I.R.,* 661 F.2d 71, 72 (5th Cir.1981). In *Lonsdale,* the Fifth Circuit in rejecting a taxpayer attack on the constitutionality of the tax laws stated that:

> Appellants' contentions are stale ones, long settled against them. As such they are frivolous. Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38, Fed.R.App.P. We publish this opinion as notice to future litigants that the continued advancing of these long-defunct arguments invites such sanctions, however.

Since that warning, we have assessed double costs for frivolous appeals in *Davis, Parker,* and *Edwards.* Equally without merit is appellants' claim that they were improperly denied their Seventh Amendment rights to a jury trial of their claims. *Mathes v. C.I.R.,* 576 F.2d 70, 71 (5th Cir. 1978).

■ The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides, with certain exceptions which are inapplicable to this case, "that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." The district court correctly held that taxpayers' request for injunctive relief was barred by the Anti-Injunction Act, and that "[their] entire suit is grounded on the clearly frivolous proposition that wages are not taxable income...."

■ Frivolous suits such as this impose an unjustified burden on the federal judiciary. Further, the extensive costs of the judicial process in such cases is paid ultimately by those citizen taxpayers who recognize their responsibilities to support their government. This Court can at least tax these appellants double costs for this frivolous, utterly groundless, appeal. The district court is affirmed, and appellants will be taxed with double costs under Fed.R. App.P. 38.

AFFIRMED.