Guy S. **BURROUGHS**, II and John W. Platt, Sr., Plaintiffs-Appellants,

v.

Arthur E. **WALLINGFORD**, Dora Nichols, R.D. Powell, Patrick Hayes, A.A. Muse, Jr., D.W. Cranford, Ruth Krebs, and Annette Rivera, Defendants-Appellees.

No. 85–2017
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 13, 1986.

Guy S. Burroughs, II, pro se.

Horace E. Campbell, Jr., Houston, Tex., for Wallingford.

Joe R. Blackburn, Houston, Tex., for Hayes and Rivera.

Carleton D. Powell, Attys., Tax Div., U.S. Dept. of Justice, John A. Dudeck, Jr., Washington, D.C., for amicus U.S.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Appellees, employees of Arco Petroleum Products Company, received and complied with two tax levies that ordered that a portion of appellants' wages be withheld and paid to the IRS to satisfy appellants' indebtedness. Appellants then filed this suit for damages against appellees for complying with the tax liens without a court order. Appellants also sought a temporary restraining order enjoining appellees from future compliance with the liens. Appellees filed motions to dismiss the claim against them and sought double costs and attorney's fees. An order was entered on December 12, 1984, denying the temporary restraining order. Appellants filed a notice of appeal to this order on December 28, 1984. On January 8, 1985, a final judgment and order was entered granting appellees' motion to dismiss for failure to state a claim upon which relief could be granted and striking appellants' notice of appeal. Appellants then filed this appeal. We affirm and award double costs and attorney's fees for prosecuting a frivolous appeal.

Appellants' suit raises the ghosts of arguments past challenging the income tax laws. Appellants argue that (1) a lien cannot be placed on their "right to earn and hold property" because the Declaration of Independence states that this right is "un-a-lien-able;" (2) only artificially created persons, such as corporations, can be taxed; and (3) they were denied due process by the levies.

The constitutionality of income tax laws has been consistently upheld, *Stites v. United States*, 746 F.2d 1085 (5th Cir.1984) (and cases cited), and appellants' arguments otherwise are totally without merit. Additionally, the tax levy procedure in IRC § 6331 does not violate due process. *Meyers v. United States*, 647 F.2d 591 (5th Cir.1981). At any rate, these matters are properly considered in a suit against the IRS and not against appellees. Appellees in this case are guilty of nothing more than complying with two IRS levies issued by authority of sections 6331 and 6332(a) of the Internal Revenue Code. They are immune from liability to appellants for complying with the levies.[1] I.R.C. § 6332(d) (West 1967). Appellants also contend that the district court erred in striking their notice of appeal from the order denying their application for a temporary restraining order. The denial of this application was not appealable, *Nelson v. Rosenthal*, 539 F.2d 1034, 1035 (5th Cir.1976), and even if the district court erred in striking the notice of appeal, it was harmless error.

Appellees seek double costs and attorney's fees from appellants on the grounds that the appeal is frivolous. In *Lonsdale v. Commissioner of Internal Revenue*, 661 F.2d 71 (5th Cir.1981), we warned that appeals premised on meritless and "long-defunct" arguments such as those advanced in this case invited sanction. Accordingly, we award appellees double costs and attorney's fees. Because the record does not reflect the amount of attorney's fees incurred, we remand to the district court to make this determination. *Knoblauch v. Commissioner of Internal Revenue*, 749 F.2d 200 (5th Cir.1984), *cert. denied*, —— U.S. ——, 106 S.Ct. 95, 88 L.Ed.2d 78 (1985).

AFFIRMED and REMANDED.

---

**1.** Because we have elected to address the merits of this appeal, the motion of appellees Hayes and Rivera to dismiss the appeal is denied.