25 F.3d 1037
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jonathan S. HAGGERT, Plaintiff, Appellant,
v.
Ben HAMLIN, ET AL., Defendants, Appellees.
 No. 94-1027
 United States Court of Appeals,
First Circuit.
 June 10, 1994
 
 Appeal from the United States District Court for the District of Maine [Hon. Morton A. Brody, U.S. District Judge ]
 Jonathan S. Haggert, on brief pro se.
 Jonathan B. Huntington and Eaton, Peabody, Bradford & Veague on brief for appellees.
 D.Me.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Jonathan B. Haggert appeals a district court order granting appellees' motion for summary judgment. We affirm.
 
 I. Background
 
 2
 Haggert sued the appellees, who are employees of Haggert's employer, Guilford of Maine, seeking to enjoin them from complying with an Internal Revenue Service (IRS) notice of levy received by Guilford. The notice of levy instructed Guilford to remit a certain, non-exempt portion of Haggert's wages directly to the IRS to satisfy unpaid income taxes owed by Haggert. After Haggert filed suit, Guilford apparently began complying with the notice of levy.
 
 
 3
 Haggert filed his suit in state court, serving the appellees with the summons and complaint on August 26, 1993.[1] The appellees removed the action to federal district court on September 24, alleging that Haggert was challenging the levy procedure established in the Internal Revenue Code and that the court therefore had federal question jurisdiction under 28 U.S.C. Sec. 1331. They also filed a motion for summary judgment, claiming that they were required by law to comply with the notice of levy and that they were immune from being sued by Haggert for their compliance. Haggert filed a motion for remand on the ground that the appellees' notice of removal was untimely.[2] In affidavits, he asserted that he had given a copy of the complaint "in hand" to the appellees on August 9, well over thirty days before they filed their notice of removal. See 28 U.S.C. Sec. 1446(b) ("The notice of removal ... shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,...."). Without denying that they had received the complaint, the appellees argued that some cases held that only proper service of process triggered the removal period under section 1446(b). Because they had not been served until August 26, they claimed that their notice of removal on September 24 was timely. They also argued that Haggert's affidavits did not clearly state that the appellees had received a copy of the complaint, but indicated instead that the appellees had refused to accept a proffered copy of the complaint.
 
 
 4
 The district court denied Haggert's motion for remand, and subsequently granted the appellees' motion for summary judgment.
 
 II. Discussion
 
 5
 We need not determine whether it is proper service or receipt of the complaint that triggers the removal period under section 1446(b), or whether the appellees' removal was timely here. As we explain, Haggert stands no chance of success in any court of law. Even if we ordered remand, we are certain that the state court would promptly grant summary judgment for the appellees. For that reason, remand would be unquestionably futile and is not required. Cf. Bell v. City of Kellogg, 922 F.2d 1418, 1424-25 (9th Cir. 1991) (despite the district court's lack of jurisdiction over the case once it had determined that the appellants lacked standing to pursue their federal claims, the court of appeals found that the district court had properly resolved the merits of the remaining state claim; the court was "certain" that the state court would have dismissed the action due to appellees' "fatal failure" to meet state statutory prerequisites to suit, and so the district court's resolution of that question prevented "any further waste of valuable judicial time and resources").
 
 
 6
 Turning to the merits, it is clear that the district court properly granted the appellees' motion for summary judgment. It has been long established that the IRS may constitutionally satisfy outstanding income taxes by way of nonjudicial, administrative levy under 26 U.S.C. Sec. 6331 et seq. See United States v. National Bank of Commerce, 472 U.S. 713, 720-21 (1985); Christensen v. United States, 733 F. Supp. 844 (D.N.J. 1990) (citing the cases), aff'd, 925 F.2d 416 (3d Cir. 1991) (table). Custodians of property levied upon by the IRS must comply with the notice of levy; if they do not, they become "liable in [their] own person and estate" to the government for the sum in question and may incur further penalty as well. See 26 U.S.C. Sec. 6332(d)(1) & (2); National Bank of Commerce, 472 U.S. at 721. If they do comply, however, they are immunized from liability to delinquent taxpayers for delivering such taxpayers' property to the IRS. Id. (citing the statutory language, now contained in 26 U.S.C. Sec. 6332(e), which discharges the person honoring the levy "from any obligation or liability to the delinquent taxpayer with respect to such property ... arising from such surrender or payment"). Custodians of property levied upon have only two defenses: that they are not in possession of the property, or that the property is subject to a prior judicial attachment or execution. Id. at 722, 727; see 26 U.S.C. Sec. 6332(a) ("[A]ny person in possession of (or obligated with respect to) property ... upon which a levy has been made shall ... surrender such property ... to the Secretary [of the Treasury], except such part of the property ... as is, at the time of such demand, subject to an attachment or execution under any judicial process.").
 
 
 7
 Haggert does not dispute that Guilford was obligated to pay him his wages; he does not dispute that Guilford received an IRS notice of levy, directing Guilford to remit to the IRS certain, non-exempt portions of the wages which Guilford owed to Haggert;[3] he does not allege that his wages were subject to a prior judicial attachment or execution. Thus, there is no question that Guilford had "possession of (or [was] obligated with respect to property) ... upon which a levy has been made," and was required to surrender that property to the IRS. See Sims v. United States, 359 U.S. 108, 110-11 (1959) ("accrued salaries are property ... subject to levy"; state auditor, who deducted taxes from state employees' salaries and issued warrants to pay such salaries, was a person "obligated with respect to" those salaries under 26 U.S.C. Sec. 6332(a)). Those are the material facts in this case; they are undisputed. Accordingly, Guilford had no choice but to comply with the notice of levy, its employees may not be enjoined from doing so or be sued by Haggert for damages for having done so, and the district court correctly granted summary judgment in appellees' favor. See Burroughs v. Wallingford, 780 F.2d 502, 503 (5th Cir. 1986) (affirming the district court's dismissal of delinquent taxpayers' suit against employees of the taxpayers' employer who had complied with tax levies ordering payment of a portion of the taxpayers' wages to the IRS).
 
 
 8
 On appeal, Haggert makes certain arguments that challenge the levy procedure, the income tax system as applied to him, or the IRS's compliance with other provisions of the tax code or other statutes. Strictly speaking, those arguments are not relevant to the present action which seeks only to prevent the appellees from complying with the notice of levy despite a statutory mandate that Guilford do so and statutory immunity from liability to Haggert. Haggert's arguments are inappropriate in an action against these appellees, see id. at 503 (arguments challenging the tax levy are more appropriately brought in an action against the government), and so we need not consider his arguments in order to affirm the district court's decision. See Schiff v. Simon & Schuster, Inc., 780 F.2d 210, 212 (2d Cir. 1985) ("the fact that appellant disputes the validity of the underlying tax assessment does not alter [appellee's] obligation to honor the levy,....").
 
 
 9
 Since the appellees seek attorneys' fees and double costs, however, we note that some of Haggert's arguments or close variants thereon have been rejected by the courts, most of them long ago, and that others are either based on false premises or misreadings of the law or are just plain wrong. In other words, none has any merit. We recognize that Haggert raised legitimate fact issues relating to the remand question. Nonetheless, even if we had found the appellees' notice of removal to have been untimely, resolution of the merits of this case in favor of the appellees was inevitable. Precedent was overwhelmingly against Haggert's suit; he had no ground for relief against these appellees, as the district court explained before Haggert brought his appeal. Therefore, his appeal was frivolous under Fed. R. App. 38. See E.H. Ashley & Co. v. Wells Fargo Alarm Services, 907 F.2d 1274, 1280 (1st Cir. 1990).
 
 
 10
 Accordingly, we grant appellees' request for double costs. Kelly v. United States, 789 F.2d 94, 98 (1st Cir. 1986) (awarding double costs against a pro se taxpayer for bringing a frivolous appeal); Sullivan v. United States, 788 F.2d 813, 816 (1st Cir. 1986) (same).[4] We deny the request for attorneys' fees.
 
 
 11
 Affirmed. Double costs are awarded to appellees.
 
 
 
 [1]
 In his brief, Haggert says that appellees failed to timely answer his complaint. That argument appears to be based on Haggert's belief that he served the complaint on appellees on or about August 9, 1993, when he unsuccessfully attempted to have them sign a receipt for the complaint, rather than on August 26, when the summons and complaint were served together on appellees as required under Maine R. Civ. P. 4(d). Since Haggert acknowledges that appellees filed their answer on or about September 8, 1993 (the record does not show when the answer was filed), we conclude that their answer was timely. See Maine R. Civ. P. 12(a) (requiring defendants to serve their answer within 20 days after service of the summons and complaint)
 
 
 [2]
 Haggert has also argued that the district court lacked jurisdiction but, for reasons explained below, this issue does not alter the outcome and need not be resolved
 
 
 [3]
 As noted above, the appellees began remitting portions of Haggert's wages to the IRS after Haggert filed suit. Haggert has not alleged that the sums remitted to the IRS included exempt portions of his wages
 
 
 [4]
 We hereby deny Haggert's motion for oral argument on the question of sanctions