**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERNEST MICHAEL HERNANDEZ,

    Plaintiff - Appellant,

v.

GEORGE PEACORE, President and
CEO Weather Engineering & Mfg.
Inc.; WEATHER ENGINEERING &
MFG. INC.; MRS. WARD, Team C,
IRS; RANDY K. HARPER, Chief,
Collection Branch, Automated
Collection Systems; D. WILDFONG,
Team F, IRS and WALTER A.
HUTTON, JR., District Director,

    Defendants - Appellees.

No. 98-1029
(D.C. No. 97-Z-1459)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff-Appellant Ernest Michael Hernandez filed a pro se action against four IRS officials and his employer and its CEO for alleged constitutional violations arising out of a tax levy. He appeals the district court's dismissal of his claims for lack of subject-matter jurisdiction[1] and for failure to state a claim upon which relief can be granted. Our review of a dismissal for lack of subject matter jurisdiction is de novo. See SK Finance SA v. La Plata County, 126 F.3d 1272, 1275 (10th Cir. 1997). Our review of a dismissal for failure to state a claim is likewise de novo; we take the facts alleged as true and liberally construe this pro se complaint. See Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). We affirm.

In April, 1997, the IRS served a Notice of Levy on Mr. Hernandez's employer, Weather Engineering & Mfg., Inc., directing it to turn over a portion of Mr. Hernandez's wages to the IRS until he paid off a federal tax delinquency. Mr. Hernandez urged his employer not to comply, arguing that I.R.S. rules and procedures only applied to "federal persons and/or persons under federal jurisdiction." After inquiring of the I.R.S., the employer complied. Mr. Hernandez then filed a complaint entitled Tort Claim for Constitutional Rights Violations, which he later amended, asserting the defendants had taken his

---

[1] Pursuant to Fed. R. Civ. P. 12(b)(5), the district court also dismissed the action against the individual federal Defendants and the United States for insufficient service of process. I R. doc. 29 at 2.

property without due process and otherwise violated his rights under the Fifth and Seventh Amendments to the Constitution. He claimed a total of $9.8 million in damages from the defendants. In his pro se appeal, he argues the district court violated his Seventh Amendment right to jury trial by dismissing his case.

Mr. Hernandez's suit against the individual IRS officers complains only of actions taken in their official capacity, and is thus properly considered a suit against the United States. See Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989). The United States cannot be sued without its consent, and the terms of that consent define a court's subject-matter jurisdiction. See United States v. Dalm, 494 U.S. 596, 608 (1990); Atkinson, 867 F.2d at 590. Actions under 26 U.S.C. §§ 7432 and 7433 are "the exclusive remedy for recovering damages resulting from [tax collection] actions." 26 U.S.C. § 7433(a).[2] Mr. Hernandez has not alleged facts to support a claim under either section, and we have no subject-matter jurisdiction to consider his extra-statutory complaints. To the extent his complaint can be construed as a Bivens claim against the officers in their individual capacity, it will not lie because Congress has already established a scheme of safeguards and remedies for individuals harmed by unlawful tax

---

[2]    Title 26 U.S.C. § 7433 was amended on July 22, 1998, but the amendment is not retroactive and does not affect this case. See Internal Revenue Service Restructuring and Return Act of 1998, Pub. L. No. 105-206, § 3102, 112 Stat. 685, 730-31 (1998).

collection.  See Schweiker v. Chilicky, 487 U.S. 412, 422-23 (1988); Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1990); National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1247-48 (10th Cir. 1989).

Mr. Hernandez's constitutional claims against his employer and its CEO also may not be maintained.  We agree that a private actor's mere compliance with a lawful levy cannot fairly be characterized as the requisite governmental action.  See Smith v. Kitchen, ___ F.3d ___, 1997 WL 1018564, at *2 (10th Cir. 1997).  We further note that 26 U.S.C. § 6332(e) discharges from liability any person complying with a levy.  See Kane v. Capital Guardian Trust Co., 145 F.3d 1218, 1222-24 (10th Cir. 1998); Smith, 1997 WL 1018564, at *3; Kentucky ex rel. Union Pac. Ins. Co. v. Laurel County, 805 F.2d 628, 635 (6th Cir. 1986) (predecessor statute).

As for Mr. Hernandez's claim that the district court violated his Seventh Amendment rights, the court may not hold a jury trial on a suit over which it has no jurisdiction or for which a plaintiff has failed to state a claim on which relief can be granted.

Defendant employer and its CEO have moved for an award of costs and attorney's fees pursuant to Fed. R. App. P. 38.  See Smith, 1997 WL 1018564, at *4; Burroughs v. Wallingford, 780 F.2d 502, 503 (5th Cir. 1986).  Though he had

an opportunity to respond, Mr. Hernandez has not. <u>See</u> Fed. R. App. P. 27(a) (response to motions) & 38, Advisory Committee Note, 1994 Amendment; <u>Braley v. Campbell</u>, 832 F.2d 1504, 1515 (10th Cir. 1987) (en banc). We conclude that this appeal is frivolous and that Mr. Hernandez has pursued this action against his employer and its CEO after being advised of its complete lack of merit. Accordingly, Mr. Hernandez shall be sanctioned in the amount of $500, payable to the attorneys of his employer. In addition, the sanction shall include the additional provision that the Clerk for this circuit shall not accept any new appeals from Mr. Hernandez in any civil matters, excluding habeas corpus petitions, until Mr. Hernandez has certified, under oath, that he has satisfied this sanction.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge