Robert Louis **TAYLOR** and Betty
Jean Taylor, Plaintiffs,

v.

**U.S. INTERNAL REVENUE SERVICE,**
United States, Pam Bigelow, Henry Sit-
ka, and Cuero Independent School Dis-
trict, Defendants.

No. V–98–081.

United States District Court,
S.D. Texas,
Victoria Division.

July 27, 1999.

Robert Louis Taylor, Yoakum, TX, pro se.

Betty J. Taylor, Yoakum, TX, pro se.

Andrew L. Sobotka, Dept. of Justice, Tax
Division, Jonathan R. Williams, Asst. U.S.
Atty. Dallas, TX, for Internal Revenue Ser-
vice.

Andrew L. Sobotka, Dept. of Justice, Tax
Division, Jonathan R. Williams, Asst. U.S.
Atty. Dallas, TX, for Pam Bigelow.

Andrew L. Sobotka, Dept. of Justice, Tax Division, Jonathan R. Williams, Asst. U.S. Atty. Dallas, TX, for United States.

Henry J. Sitka, Lavaca County Clerk, Lavaca County Courthouse, Hallettsville, TX, pro se.

Paul W. Hunn, Walsh Anderson Underwood Schulze and Aldridge, Austin, TX, for Cuero Independent School District.

### ORDER

RAINEY, District Judge.

Pending before the Court are Defendant Cuero Independent School District ("CISD")'s Motion to Dismiss (Dkt.# 15); Plaintiffs' "Motion to Suppress" (Dkt.# 21); and Plaintiffs' Motion for Default Judgment (Dkt.# 26).

### I. FACTUAL BACKGROUND

Plaintiffs' complaint can be distilled to a single paragraph: "Notice of lien and notice of levy were filed against Petitioner on August 4, and August 25, 1995 in the county clerk[']s office of Lavaca County Texas without benefit of a determination of a judicial proceeding, thus violating due process of law as guaranteed by the 5th and 14th [Amendments] of the Constitution of the United States of America." Complaint ¶ 9.

### II. ANALYSIS

### A. "Objection of Attempt to Commit Fraud"

Plaintiffs first complain that CISD's counsel are guilty of "an attempt of criminal fraud" by "attempt[ing] by fraud to remove the case into an inferior Court." Plaintiffs insist that they filed their complaint in a "Common Law Court under Article III," while CISD filed its motion to dismiss in a "Court of Admiralty." This objection is OVERRULED for failure to make sense. This case is pending, and the parties' papers have been filed, in a single court—the United States District Court for the Southern District of Texas, a court created by Congress under the authority of Article III of the Constitution.

### B. Service of Process

In its motion to dismiss under Federal Rule of Civil Procedure 12(b)(5), CISD maintains that Plaintiffs failed to effect proper service of process within 120 days of filing their complaint or to obtain from CISD a waiver of service as provided by Federal Rule of Civil Procedure 4(d). A review of the case file demonstrates that CISD is right. The return-of-service affidavit (Dkt.# 11) indicates that Plaintiff Robert Taylor acted as the server of process. The Federal Rules, however, provide "[s]ervice may be effected by any person *who is not a party* . . . ." Fed.R.Civ.P. 4(c)(2) (emphasis added). Inasmuch as more than 120 days have passed since the filing of Plaintiffs' complaint;[1] Plaintiffs have not moved for an enlargement of time in order to perfect service; and Plaintiffs made no attempt in their response to CISD's motion to show good cause for their failure to perfect service, the action against CISD is properly dismissed without prejudice. *See* Fed.R.Civ.P. 4(m); Fed.R.Civ.P. 12(b)(5).

### C. Failure to State a Claim

Defects in service of process notwithstanding, CISD argues that Plaintiffs' action must be dismissed for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). Attached to CISD's motion is Exhibit C, a notice of levy from the United States Internal Revenue Service ("IRS"), to which Plaintiffs have objected in their "motion to suppress." Because Plaintiffs' "motion to suppress" takes issue not with the authenticity, but the legal validity, of the notice, the Court OVERRULES Plaintiffs' objection and shall treat CISD's motion as one for summary judgment. *See* Fed. R.Civ.P. 12(b) ("If, [on a 12(b)(6) motion to dismiss], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."); *see also Stewart v. Murphy,* 174 F.3d 530, 532–33 (5th Cir.1999).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

1. The complaint in this action was filed on August 10, 1998.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Disputes about material facts are "genuine," as contemplated by the federal rule, if the evidence is such that a rational trier of fact could return a verdict for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In this instance, the Court believes summary judgment is appropriate.

 CISD's Exhibit C is a Notice of Levy on Wages, Salary, and Other Income issued by the IRS to CISD on June 7, 1998. It identifies Plaintiff Robert L. Taylor as the delinquent taxpayer and $14,330.25 as the total amount due the IRS, as of June 30, 1998. It is settled that the IRS may constitutionally satisfy outstanding income taxes by way of nonjudicial, administrative levy under 26 U.S.C. § 6331 *et seq. See United States v. National Bank of Commerce,* 472 U.S. 713, 720–21, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). A custodian of property levied upon by the IRS must comply with the notice of levy; if he does not, he becomes "liable in his own person and estate" to the government for the sum in question and may incur additional penalties as well. *See* 26 U.S.C. § 6332(d)(1) & (2); *National Bank,* 472 U.S. at 721, 105 S.Ct. 2919. It is plain that in the instant case, Plaintiffs allege only that CISD has, as required by federal statute, complied with the IRS's notice of levy.

 One who complies with the IRS's notice is immunized from liability to a delinquent taxpayer for delivering that taxpayer's property to the IRS. *See* 26 U.S.C. § 6332(e) (discharging the person honoring a levy "from any obligation or liability to the delinquent taxpayer ... with respect to such property or rights to property arising from such surrender or payment"); *see also Melton v. Teachers Ins. & Annuity Ass'n of Am.,* 114 F.3d 557, 560–61 (5th Cir.1997); *Burroughs v. Wallingford,* 780 F.2d 502, 503 (5th Cir.1986) *(per curiam ).* Plaintiffs' several objections to the legal validity of the underlying notice of levy, *see, e.g.,* Plaintiffs' "Motion to Suppress" at 1–2 ("Exhibit C is not a bona

fide Levy, as it was filed under fraudulent conditions. It is not a Levy in the general meaning of Levy. It is a BOGUS document, a NOTICE OF LEVY. The FORM for NOTICE OF LEVY is for taxpayers only. The Petitioners have no bona fide contract with the IRS that would cause them to be taxpayers under the Internal Revenue Code (IRC)."), even if they are true, do not affect *CISD* 's immunity. Such objections are "matters ... properly considered in a suit against the IRS and not against [CISD]." *Burroughs,* 780 F.2d at 503. There being no genuine issue as to any material fact, the Court concludes that CISD is entitled to a judgment as a matter of law.

### D. Motion for Default Judgment

Finally, Plaintiffs have moved for default judgment against the IRS and the United States. Federal Rule of Civil Procedure 55(e) provides that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Plaintiffs have not satisfied their obligation under Rule 55(e).

 Quite the contrary. The tax levy procedure set forth in 26 U.S.C. § 6331 does not violate due process. *See Myers v. United States,* 647 F.2d 591, 602 (5th Cir.1981) ("[T]he particular provisions of § 6331 have withstood numerous constitutional challenges predicated on the lack of preseizure judicial hearings."). Furthermore, it appears that Plaintiffs' due process claims were previously raised in a case brought last year in this Court, *Robert Louis Taylor v. United States of America and Internal Revenue Service,* Civil Action No. V–98–040. While Plaintiffs now insist that "[t]his is an entirely different case than that which was filed under Case No. V 98–0040 in this Court," Plaintiffs' Reply to Defendants' Response ¶ 1, the cited basis of both lawsuits is the August 1995 filings by the Lavaca County clerk's office. In its May 27, 1998, order granting Defendants' motion to dismiss in Civil Action No. V–99–040, the Court expressly held that "[t]o the extent that Plaintiff seeks relief other than a declaratory judgment, he has not stat-

ed a claim upon which relief can be granted since the United States clearly has the power to obtain a tax lien in its favor under 26 U.S.C. § 6321 and the exercise of that power is constitutional."

■ Thus, it would appear that two grounds for dismissal on summary judgment exist: collateral estoppel and the claim's meritlessness. A district court is empowered to enter summary judgment *sua sponte*, so long as the parties are provided with reasonable notice and an opportunity to present argument opposing the judgment. *See Ross v. University of Texas at San Antonio*, 139 F.3d 521, 527 (5th Cir.1998). Plaintiffs are hereby alerted that they are in jeopardy of having their case dismissed. No later than 15 days from the date of this order, Plaintiffs shall set forth any evidence and/or argument demonstrating that summary judgment is inappropriate.

### CONCLUSION

Because CISD is immune to suit, by operation of 26 U.S.C. § 6332(e), its Motion to Dismiss (Dkt.# 15), recharacterized by the Court as a motion for summary judgment, is hereby GRANTED. Plaintiffs' claims against CISD are DISMISSED WITH PREJUDICE.

Plaintiffs' "Motion to Suppress" (Dkt.# 21) and Motion for Default Judgment (Dkt.# 26) are DENIED. No later than 15 days from the date of this order, Plaintiffs shall file with the Court a brief advancing any theories indicating that entry of judgment in Defendants' favor would be improvident. No later than 15 days from Plaintiffs' filing of their brief, the remaining Defendants shall file any response they wish to be considered by the Court.

It is so ORDERED. The Clerk shall enter this order and provide a true copy to all parties.