**Bradley Ward BEAN, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

**Civil Action No. 08–11917–NMG.**

United States District Court, D. Massachusetts.

Jan. 6, 2009.

Michael B. Keating, Katherine B. Schmeckpeper, Foley Hoag LLP, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff in this case asserts a claim of conversion arising out of the defendant's alleged improper withholding of wages. The case was removed to federal court by the defendant, which has since filed a motion to dismiss. The plaintiff moves to remand.

## I. *Background*

### A. Factual Background

The plaintiff, Bradley Ward Bean ("Bean"), is a resident of Massachusetts. The defendant, General Electric Company, is incorporated in New York and has its principal place of business in Connecticut. Bean asserts that GE is liable to him for conversion "by allowing the release of Plaintiff's property to a third-party, without his consent, just cause, or lawful authority." He claims damages in excess of $3 million.

Bean asserts that GE is committing conversion by complying with a "Notice of Levy" issued by the Internal Revenue Service ("the IRS"). That notice, dated February 19, 2008, indicates that Bean owes the IRS $122,769.08 in unpaid taxes and fees and instructs GE, as his employer, to remit Bean's non-exempt wages directly to the IRS. Bean asserts that GE, pursuant to the levy, has remitted $17,260.33 of his wages directly to the IRS. He asserts that such payments are unlawful because 1) a "notice of levy" is not a levy, 2) only officers or employees of the federal government or the District of Columbia are subject to levy pursuant to 26 U.S.C. § 6331(a) and 3) a levy is valid only where tax liability has been established.

### B. Procedural History

Bean filed his complaint in the Massachusetts Superior Court Department for

Essex County on October 16, 2008. GE was served with the complaint on October 20, 2008, and filed a notice of removal on November 17, 2008. Shortly thereafter, GE filed the pending motion to dismiss which is unopposed.

On December 3, 2008, Bean filed a "Judicial Notice and Demand to Remand Action Forthwith–Posthaste to its Original and Proper Venue for Lack of Cognizable Authority." GE, treating that document as a motion to remand, filed an opposition on December 16, 2008. On the following day, Bean filed an *ex parte* motion to remand.

## II. *Motion to Remand*

Because Bean argues for remand in both his "Judicial Notice" and his *ex parte* motion, this Court will consider both filings together as a motion to remand.

### A. Legal Standard

A defendant sued in state court may remove the case to federal court pursuant to 28 U.S.C. § 1441. That statute permits removal of cases where the federal district courts would have original jurisdiction. *Id.* Remand is required only if the defendant fails to follow the proscribed procedures or the federal court lacks subject matter jurisdiction over the underlying controversy. *See* 28 U.S.C. § 1447(c). It is well settled that federal courts have jurisdiction over cases arising under federal law (federal question jurisdiction) and cases between citizens of different states (diversity jurisdiction). *See* U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331–1332.

Under the statute authorizing diversity jurisdiction, the amount in controversy is required to exceed $75,000. 28 U.S.C. § 1332(a). That statute also provides that, for the purpose of determining diversity of citizenship, a corporation is deemed to be a citizen of both the state in which it is

incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Where diversity provides the basis for federal jurisdiction, removal is permissible only if none of the defendants is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b).

### B. Application

Bean contends that remand is required because this Court lacks subject matter jurisdiction over the case. He maintains that this case does not meet the requirements for diversity jurisdiction and that his complaint does not present a federal question on its face. GE responds that the requirements for both diversity jurisdiction and federal question jurisdiction are satisfied.

■ This Court concludes that the requirements for diversity jurisdiction clearly have been met here. Bean is a citizen of Massachusetts and GE is a citizen of both New York and Connecticut. The amount in controversy requirement is met because Bean claims damages in excess of $3 million. Finally, GE is not a citizen of the state in which the action was brought and, thus, the requirements of 28 U.S.C. § 1441(b) are satisfied.

■ Bean asserts that 28 U.S.C. § 1332(e), which defines "States" to "include[ ] the Territories, the District of Columbia, and the Commonwealth of Puerto Rico" implies that all other states are excluded from the definition of that term. He insists that diversity jurisdiction can therefore exist only over parties who are citizens of U.S. territories, the District of Columbia or Puerto Rico. That argument is non-sensical and contrary to the plain language of the statute.

Because this Court concludes that federal jurisdiction exists as a matter of diversity, it need not consider the more compli-

cated question of whether Bean's claim can be deemed to "arise under" federal law. Plaintiff's motion to remand will be denied and, having concluded that its exercise of jurisdiction is proper, this Court will proceed to consider the defendant's motion to dismiss.

### III. *Defendant's Motion to Dismiss*

#### A. Legal Standard

In order to survive a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd*, 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet*, 83 F.Supp.2d at 208.

#### B. Application

Even read in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted because GE acted pursuant to a notice of levy and is therefore immune from liability under federal law. Moreover, to the extent that Bean's complaint can be read as challenging the validity of the levy, GE is not the appropriate party against which to pursue such a claim.

■ Under federal law, employers who withhold wages pursuant to a tax levy are granted immunity from suits brought by the delinquent taxpayer. 26 U.S.C. § 6332(e); *Haggert v. Hamlin*, No. 94–1027, 1994 WL 251067, at *2 (1st Cir. June 10, 1994) (unpublished). Section 6332(e) provides that:

> Any person in possession of ... property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property ... to the Secretary ... shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

An employer's noncompliance with a levy is justified only where 1) the employer is not in possession of the property or 2) the property is subject to a prior judicial attachment or execution. *See Haggert*, 1994 WL 251067, at *2.

■ Here, Bean's claim is unquestionably barred by § 6332(e). The complaint acknowledges that GE received a notice of levy from the IRS and even includes the notice as an attachment. Bean does not claim that his wages were subject to a prior judicial attachment or execution. His only claim against GE is that, by complying with the notice of levy, it is somehow liable to him for conversion. As explained, GE is immune from liability for acting in compliance with the levy. *See* 26 U.S.C. § 6332(e).

■ Bean's argument that § 6332(e) does not apply because a "notice of levy" is not a "levy" is frivolous. *See Haggert*, 1994 WL 251067, *2 (employer immune from liability for complying with *notice* of

levy); *Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir.1985) ("This argument is absolutely meritless."). Moreover, to the extent he challenges the validity of the levy (or the validity of the underlying tax obligation) his arguments are directed to the wrong party. *Id.* ("arguments challenging tax levy are more appropriately brought in an action against the government") (citing *Burroughs v. Wallingford,* 780 F.2d 502, 503 (5th Cir. 1986)); *see also Schiff,* 780 F.2d at 212 ("The fact that appellant disputes the validity of the underlying tax assessment does not alter [appellee's] obligation to honor the levy.").

Because Bean's complaint, however liberally construed, alleges only that GE withheld wages pursuant to an IRS notice of levy, it fails to state a claim upon which relief can be granted.

### ORDER

In accordance with the foregoing, plaintiff's motion for remand (Docket No. 9) is **DENIED** and defendant's motion to dismiss (Docket No. 4) is **ALLOWED.**

So ordered.