**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-40422
Summary Calendar

SAMUEL R WATSON; ESTHER R WATSON

Plaintiff-Appellant

v.

TOWNES MAHAFFEY, General Counsel Professional and Personal Capacity;
AMERICAN BANK

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CV-59

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Samuel R. Watson and Esther R. Watson, proceeding pro se, filed suit against Townes Mahaffey and American Bank alleging that the defendants (1) violated their rights under the Fourth and Fifth Amendments to the United States Constitution as well as 42 U.S.C. §§ 1982, 1983; (2) violated 18 U.S.C. § 1344; (3) violated 18 U.S.C. § 242; and (4) violated 28 U.S.C. § 3201. The Watsons further alleged that the tax levy against them was invalid and that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

they were not obligated to pay federal income taxes. The district court granted the defendants' motion for summary judgment, finding that, pursuant to 26 U.S.C. § 6332(e), the defendants were immune from liability arising from their compliance with the tax levy.

In order to collect the Watson's back taxes, the IRS sent a notice of levy upon the bank. *See* 26 U.S.C. 6331(a); *United States v. National Bank of Commerce*, 472 U.S. 713, 719-21 (1985). The bank compiled with the notice of levy, eventually surrendering about $15,000 to the IRS. *See* 26 U.S.C. § 6332(a), (c), (d). The Watsons' claims against the defendants stem from the defendants' compliance with the IRS levy. Pursuant to § 6332(e), the defendants are immune from liability to the Watsons in connection with the defendants' compliance with the IRS levy. *See Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir. 1986).

AFFIRMED.