UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

Michael Duane, Smith,

      Plaintiff-Appellant,

v.

MILLIE R. KITCHEN, RANDY
KOMISAREK, and KEITH WOODS,

      Defendants-Appellees.

No. 97-1237

---

ORDER
Filed on September 15, 1998

---

Before BRORBY, EBEL and KELLY, Circuit Judges.

---

On the court's own motion, the order and judgment originally filed on

December 12, 1997, shall be published. The published opinion is attached to this

order.

                                 Entered for the Court
                                 Patrick Fisher, Clerk of Court


                               By:

                                 Keith Nelson
                                 Deputy Clerk

**F I L E D**
United States Court of Appeals
Tenth Circuit

**DEC 12 1997**

**PATRICK FISHER**
Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

Michael Duane, Smith,

      Plaintiff-Appellant,

v.

MILLIE R. KITCHEN, RANDY
KOMISAREK, and KEITH WOODS,

      Defendants-Appellees.

No. 97-1237

Appeal from the United States District Court
for the District of Colorado
(D.C. No. D.C. No. 96-D-2558)

Submitted on the briefs:[*]

Michael Duane, Smith, Pro Se.

Robert A. Kitsmiller and Richard C. Hopkins of Podoll & Podoll, P.C., Denver, Colorado, for Defendants-Appellees.

Before **BRORBY, EBEL** and **KELLY,** Circuit Judges.

**EBEL,** Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument.

Plaintiff-appellant filed this civil rights suit seeking damages for alleged violations of the United States Constitution by certain private officers and employees of a private bank in Colorado. Finding the appellant's claims eminently frivolous, we affirm the district court's dismissal of this case. Furthermore, we invoke our power under Fed. R. App. P. 38 to order the appellant to show cause why he should not be sanctioned for the frivolousness of this appeal.

## I.

Plaintiff-appellant Michael Duane, Smith ("Smith")[1] filed this case seeking damages for a cornucopia of alleged violations of his rights, including claims of mail fraud, perjury, and civil rights conspiracy. The wicker holding Smith's basket of claims together is his contention that the defendants have deprived him

---

[1]During the proceedings below, the appellant vigorously objected to the district court's practice of captioning all documents in this case with Smith's full name in all capital letters. (See Aplee. Supp. App., at 53, 84-87.) In light of the fact that Smith actually received notice of all materials filed in this case, we cannot see what prejudice Smith suffered as a result of the district court's practice. Nevertheless, we see no reason why the caption in this case cannot be amended to reflect Smith's preferred typography, including a comma after his middle name. As a result, the court has directed that the caption in this appeal be modified.

of his property without due process of law, in violation of Smith's rights under the Fifth Amendment. Smith brought his claim for money damages -- seeking $1,750,000 -- under the Ku Klux Klan Act of 1871, 42 U.S.C. § 1983.

Smith's almost $2 million claim arose out of a tax levy for $2,176.35 by the Internal Revenue Service against Smith. The IRS had issued a Notice of Levy to Colorado National Bank, ordering the bank to turn over any moneys it held in Smith's accounts. The bank complied with this notice, turning over the money remaining in Smith's checking account. Smith then brought this suit against the individual defendants, who are officers and/or in-house counsel for Colorado National Bank.[2]

After it was docketed in the district court, Smith's case was referred to Magistrate Judge Donald E. Abram for pre-trial matters. Smith seems to have contended that the Judge Abram lacked jurisdiction to supervise the case, and Smith refused to appear for a pre-trial conference after being ordered to do so. In response to this contempt, Judge Abram ordered Smith to pay $200 to the

---

[2]The appellees have informed the court that Smith also brought suit against the Secretary of the Treasury and various IRS agents for this tax levy. According to the appellees, this case is still pending in the U.S. District Court for the District of Colorado. We note that the appellant has failed to comply with 10th Cir. R. 28.2, requiring a clear statement of whether there have been any prior or related appeals in this case. Such a statement would have indicated that Smith previously sought a writ of mandamus from the Tenth Circuit in this case. The petition was denied in In re Smith, No. 97-1208 (10th Cir. June 19, 1997) (unpublished order).

defendants' counsel by January 31, 1997. As of April 10, 1997, Smith had failed to pay this sanction, and the record before us includes no indication that Smith has ever paid the sanction, nor has he challenged the sanction in the proceedings below or here on appeal.

Rather than answering Smith's complaint under Fed. R. Civ. P. 12(a), the defendants filed a Rule 12(b)(6) motion to dismiss Smith's complaint. The defendants contended that they were immune from liability under 26 U.S.C. § 6332(e). After conducting a hearing on the motion, the magistrate judge recommended that Smith's complaint be dismissed in light of 26 U.S.C. § 6332(e).

Smith filed a pleading titled "Refusal for Fraud," which the district court interpreted as raising objections to the magistrate's recommended disposition. In its decision, following a de novo review of the record, the district court reaffirmed the magistrate judge's conclusion that the defendants were entitled to a complete defense under 26 U.S.C. § 6332(e). The district court also noted that any claim by Smith that these defendants had violated his due process rights under the Fifth Amendment must fail because the defendants are not federal government actors.

In his appeal here, Smith has reasserted his claim of a Fifth Amendment violation by these defendants. Smith also has raised a variety of ancillary claims:

that the magistrate judge lacked jurisdiction to consider the defendants' motion to dismiss; that Smith's right to counsel was abridged by the magistrate judge's refusal to allow a "non-bar counselor" to assist Smith; that Smith should have been allowed to pursue discovery in response to the defendants' motion to dismiss; and that the district court should have clarified its jurisdiction to hear constitutional claims.

## II.

The frivolity of Smith's claims must be dealt with seriously because of the waste of resources Smith has inflicted on the court and the appellees. First, Smith has brought his claim for damages under 42 U.S.C. § 1983.[3] This statute provides a private cause of action against "[e]very person who, under color of any statute . . . of <u>any State</u> or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. <u>See</u> 42 U.S.C. § 1983 (emphasis added). As the text itself makes clear,

---

[3]Because Smith's complaint was dismissed under Fed. R. Civ. P. 12(b)(6), we review the district court's determination de novo, taking the facts as alleged in Smith's complaint as true. <u>See</u> <u>Chemical Weapons Working Group, Inc. v. United States Dep't of the Army</u>, 111 F.3d 1485, 1490 (10th Cir. 1997). Furthermore, we have applied the principle of generous construction to Smith's pleadings in light of the fact that he is not represented by counsel. <u>See</u> <u>Riddle v. Mondragon</u>, 83 F.3d 1197, 1202 (10th Cir. 1996).

this statute imposes liability only for actions taken under <u>state</u> law. <u>See</u> <u>District of Columbia v. Carter</u>, 409 U.S. 418, 424-25 (1973); <u>Wheeldin v. Wheeler</u>, 373 U.S. 647, 650 n.2 (1963). It simply does not apply to actions taken under federal law. <u>See</u> <u>Kotmair v. Gray</u>, 505 F.2d 744, 746 (4th Cir. 1974) (per curiam) (holding that section 1983 does not reach conduct by bank employees complying with an IRS levy under 26 U.S.C. § 6331); <u>see also</u> <u>Morse v. North Coast Opportunities, Inc.</u>, 118 F.3d 1338, 1343 (9th Cir. 1997) (awarding attorney's fees to defendant and characterizing plaintiff's claim under section 1983 as "unreasonable" and "meritless" when defendants' underlying conduct arose under color of federal law). Thus, because Smith's complaint alleges conduct under color of federal law, i.e. the Internal Revenue Code, there is no liability under 42 U.S.C. § 1983.

Second, even if we were generously to construe Smith's complaint as raising a <u>Bivens</u>-style claim for conduct under color of federal law (which it does not), <u>see</u> <u>Bivens v. Six Unknown Named Federal Narcotics Agents</u>, 403 U.S. 388 (1971), the claim still would be deficient as a matter of law because the underlying constitutional right that Smith asserts -- due process under the Fifth Amendment -- does not apply to the conduct of private actors who are defendants in this case. The Fifth Amendment establishes that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const.

amend V. From the earliest interpretations of this amendment, courts have agreed that the Fifth Amendment protects against actions by the federal government. <u>See</u> <u>Barron v. The Mayor & City Council of Baltimore</u>, 32 U.S. (7 Pet.) 243, 247, 250-51 (1833). The amendment provides no protection against private actions by private individuals. <u>See</u> <u>Public Utils. Comm'n v. Pollak</u>, 343 U.S. 451, 461 (1952); <u>cf.</u> <u>The Civil Rights Cases</u>, 109 U.S. 3, 23-25 (1883) (interpreting state action requirement under the Fourteenth Amendment). A private individual falls within the scope of our Constitution's due process guarantees only when the private actor may "be fairly said to be a state actor." <u>See</u> <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982); <u>Gilmore v. Salt Lake Community Action Program</u>, 710 F.2d 632, 635-36 (10th Cir. 1983) (applying the state action tests under the Fourteenth Amendment to a claim under the Fifth Amendment, to find no federal action in a local community action program regulated and funded in part by the federal government). In this case, where the only "act" by the defendants was to comply with a lawful levy from the Internal Revenue Service, no reasonable person could conclude that the defendants can fairly be characterized as governmental actors.

Third, even if we could fairly characterize the defendants' conduct as government action, they are entitled to a complete defense under 26 U.S.C. § 6332(e). As part of its policy of encouraging efficient collection of federal taxes

and voluntary compliance with the tax laws, see United States v. National Bank of Commerce, 472 U.S. 713, 721 (1985), Congress has declared that any person who honors an IRS levy against a taxpayer's property "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property . . . ." 26 U.S.C. § 6332(e). Although there may be some disagreement between the circuits as to whether section 6332(e) creates a "defense" or an "immunity," this provision clearly bars money damages against a person who has complied with an IRS levy. See Kentucky ex rel. United Pac. Ins. Co. v. Laurel County, 805 F.2d 628, 636 (6th Cir. 1986) (holding that defendants were entitled to a "complete defense" under prior version of section 6332(e)); Burroughs v. Wallingford, 780 F.2d 502, 503 (5th Cir. 1985) (holding defendants "immune" from liability as a result of prior version of section 6332(e)) Schiff v. Simon & Schuster, Inc., 780 F.2d 210, 212 (2d Cir. 1985) (holding that the defendants were discharged from liability as a result of prior version of section 6332(e)). In Smith's case, he has offered no fact or law to contradict the clear mandate of section 6332(e). As a result, we hold that the defendants here are discharged from any potential liability to Smith arising from their compliance with the IRS levy on Smith's checking account.

III.

Smith's ancillary claims are equally meritless. On appeal, Smith appears to be contending that he never consented to a trial of his case by a magistrate judge under 28 U.S.C. § 636(c). However, his case was not "tried" by a magistrate judge. Instead, the district court referred the defendants' motion to dismiss to the magistrate judge for a hearing and recommendations under 28 U.S.C. § 636(b)(1)(B). The magistrate judge delivered his recommended findings and conclusions to the district court, which then considered the plaintiff's objections, all as required by, and in compliance with, 28 U.S.C. § 636(b)(1)(C). The district court's dismissal of Smith's complaint under Rule 12(b)(6) did not violate Smith's right to a jury trial under the Seventh Amendment: When Smith failed to plead any facts that would overcome the defendants' complete defenses, there were no facts to be "tried" by a jury. In this posture, Smith's lack of consent to the magistrate judge is simply irrelevant.

Smith's next issue involves his allegation that the magistrate judge denied him his Sixth Amendment right to effective assistance of counsel by refusing to allow Smith to use "non-bar counsel." We need not consider Smith's rather implausible argument that a plaintiff in a civil rights suit has a Sixth Amendment right to counsel because Smith has waived this issue on appeal. Smith failed to raise this issue in his objections to the magistrate judge's recommended findings

and conclusions.  As a result, he may not raise the claim now.  See Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); (see also Aplee. Supp. App., at 43 (warning the plaintiff that he risked waiver of his right to appeal if he failed to raise his objections before the district court)).

Smith also contends that the dismissal of his complaint prevented him from pursuing discovery against the defendants.  Smith has failed to point to any facts that he might discover either through depositions or interrogatories that would be material to the court's consideration of the Rule 12(b)(6) motion.  Nevertheless, even if Smith had pointed out how discovery would be useful for the motion to dismiss, he has waived this claim by failing to raise it before the district court.

Smith's final contention of error involves his complaint that the district court should have responded to his argument that by captioning its documents "UNITED STATES DISTRICT COURT," the court below was functioning as a "territorial" court rather than as an Article III court.  Smith has raised this argument at every stage of this litigation, but he has yet to clarify his point.  As best we can determine, Smith has cobbled together stray quotations from various sources to claim that a federal district court can function either as a "territorial" court under Article I or as a "constitutional" court under Article III.  Without giving any credence to Smith's bizarre argument, and despite our inability to see

how Smith's distinction would matter in this case, we hold that the United States District Court for the District of Colorado was fully empowered under Article III to consider Smith's constitutional claims.

IV.

In their brief, the appellees have asked this court to award them their attorneys fees and costs under Fed. R. App. P. 38 because of the frivolousness of Smith's appeal. See Burroughs v. Wallingford, 780 F.2d 502, 503 (5th Cir. 1986) (awarding double costs and attorneys fees for a frivolous appeal of a dismissal under 26 U.S.C. § 6332). We note, however, that we may not award such a sanction under Rule 38 without a separately filed motion or notice. See Fed. R. App. P. 38, advisory committee's note (1994 Amendment). Nevertheless, we have concluded that Smith's conduct both here and in the district court cannot be overlooked; to tolerate Smith's conduct in this case is to risk allowing Smith to inflict this conduct on other courts in this circuit. See Support Sys. Int'l, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). Therefore, under Rule 38, we now order the appellant Michael Duane, Smith to show cause why he should not be sanctioned in the amount of $500, payable to the attorneys for the defendants. Furthermore, this sanction shall include the additional condition that the Clerk of Court for this circuit shall not accept any new appeals from Smith in

any civil matters, excluding habeas corpus petitions, until Smith has certified, under oath, that he has satisfied this sanction.  Cf. Mack, 45 F.3d at 186.

In summary, then, we AFFIRM the judgment of the district court, and we ORDER the appellant to SHOW CAUSE why he should not be sanctioned for his frivolous appeal.