**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JACKIE L. LUSTER,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 02-3116
D.C. No. 01-CV-3242-KHV
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

---

      Plaintiff-Appellant Jackie L. Luster, a federal inmate appearing pro se,

appeals the district court's dismissal of the civil action he brought against prison

officials employed at the United States Penitentiary in Leavenworth, Kansas. In

his complaint, Mr. Luster alleged that the officials, acting pursuant to Bureau of

Prisons policy, wrongfully retained postage stamps worth over $500.00 formerly

---

      [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

in his possession.

Mr. Luster originally filed this action erroneously relying upon 42 U.S.C. § 1983. Recognizing this, the district court liberally construed his claim as arising instead under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2690. Accordingly, the district court substituted the United States as the sole defendant in place of the individual prison officials, citing 28 U.S.C. § 2672. R. Doc. 4, at 1. We note that the district court did not adhere to the statutory procedure for such substitution provided by 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment . . . any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant."). Mr. Luster did not object on this ground below and has not raised this issue on appeal.

Construing the claim as arising under the FTCA, the district court concluded that Mr. Luster failed to show the United States had waived its sovereign immunity with respect to his claim because the exception contained in 28 U.S.C. § 2680(c) for claims arising from the detention of goods or merchandise by law enforcement officers applied. Accordingly, the district court dismissed Mr. Luster's action for lack of subject matter jurisdiction. Mr. Luster

then brought this appeal, claiming as error the district court's failure to allow him to proceed under § 1983 and its failure to allow him to present evidence in support of his claim. Aplt. Br. 3. Mr. Luster has not attempted to refute the reasoning of the district court relating to the applicability of 28 U.S.C. § 2680(c).

We review de novo a district court's dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). U.S. West Inc. v. Tristani, 182 F.3d 1202, 1206 (10th Cir. 1999). We conclude that Mr. Luster's assertion that the district court erred by failing to allow him to proceed under § 1983 is without merit. It is beyond question that § 1983 has no applicability to alleged torts committed by federal officials acting under federal law. See, e.g., Wheeldin v. Wheeler, 373 U.S. 647, 650 (1963); Smith v. Kitchen, 156 F.3d 1025, 1028 (10th Cir. 1997). We also conclude that Mr. Luster's assertion regarding the district court's failure to allow him to present evidence is also without merit, as it fails to recognize that his claim was dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. In support of his argument Mr. Luster cites cases arising under § 1983 dealing with summary judgment dispositions. These decisions have no bearing on this case at all.

Having rejected Mr. Luster's contentions on appeal, we also agree with the court's reasoning regarding the applicability of 28 U.S.C. § 2680(c) to these facts. R. Doc. 13 at 4-7.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge