**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WILLIAM P. BOSWELL, doing
business as Rafter 'B' Ranch,

Plaintiff-Appellant,

v.

GREGG O. JASPERSON; UNITED
STATES OF AMERICA, through the
Administrator of the Farmers Home
Administration, United States
Department of Agriculture,

Defendants-Appellees.

No. 03-4277
(D.C. No. 2:99-CV-680-G)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ**, **McKAY**, and **PORFILIO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this quiet title action brought pursuant to 28 U.S.C. § 2410(a)(1),[1]

plaintiff-appellant William P. Boswell, appearing pro se, appeals the summary

judgment entered by the district court in favor of defendant-appellee Gregg O.

Jasperson. Plaintiff is also appealing two related evidentiary rulings that the

district court made in connection with its order granting summary judgment in

favor of Jasperson. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

This case involves a dispute concerning the ownership of a parcel of real

property located in Goshen, Utah (the Feed Yard). As accurately summarized by

the district court, the relevant background facts are as follows:

> On October 1, 1974, Marsden and Melva Larsen . . . sold an 18-acre plot of land including a feed yard to plaintiff's father, [William G.] Boswell. The sale was pursuant to a Uniform Real Estate Contract . . . and a Warranty Deed was executed by the Larsens naming [William G.] Boswell as grantee. In May 1976, [William G.] Boswell obtained a loan for $120,000 from Zions First National Bank secured by a deed of trust on properties which included the feed yard. In March 1979, [William G.] Boswell obtained another loan for $100,000 from the Farmers Home Administration, again secured by a deed of trust on the same feed yard and properties. In August 1982, [William G.] Boswell filed a bankruptcy petition under Chapter 11 which listed the feed yard as part of his real property holdings.

---

[1] Section 2410(a)(1) grants the federal district courts jurisdiction over quiet title actions involving "real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(1). The United States does not dispute that it has a lien on the real property that is the subject of this case. *See* R., Vol. 1, Doc. 1 at 2, ¶ 5; Vol., I, Doc. 5 at 2, ¶ 5.

Plaintiff alleges that in 1974, when he was thirteen years old, the original Warranty Deed held by the Larsens, which named his father [William G.] Boswell as grantee, was altered to substitute his name, William P. Boswell and his d/b/a Rafter 'B' Ranch, as grantees. [William G.] Boswell [also claims that the Warranty Deed was altered, but he] claims that a duplicate deed was changed and altered in 1980, naming his son and the d/b/a. However, neither Plaintiff nor his father assert that the lenders, defendant United States of America by and through Farmers Home Administration and Zions First National Bank, were ever given notice of such alleged changes or that the lenders ever consented to said alleged changes. Plaintiff recorded the altered deed in March 1983. The original deed naming [William G.] Boswell as grantee is missing, lost or otherwise unavailable. Title to the feed yard was conveyed to the United States of America (FHA) by the bankruptcy Trustee in [William G.] Boswell's bankruptcy on September 15, 1993. Thereafter, the property was sold and conveyed by FHA to defendant Gregg O. Jasperson on March 19, 1997.

*Boswell v. Jasperson*, 266 F. Supp. 2d 1314, 1316 (D. Utah 2003).

During the district court proceedings, although plaintiff produced a copy of the altered warranty deed, *see* Aplee. Br., Att. C, Ex. 1, the original altered warranty deed was not produced. Likewise, the original warranty deed naming William G. Boswell as grantee was not produced during the district court proceedings. As noted by the district court, it is apparently " missing, lost or otherwise unavailable." *Id.*

Defendant Jasperson filed a combined motion to exclude the copy of the altered warranty deed from evidence and motion for summary judgment. The district court granted the motion to exclude and the motion for summary judgment, concluding that the copy of the altered warranty deed was inadmissible

under Utah Code Ann. § 78-25-17 and Fed. R. Evid. 1003, and that the undisputed admissible evidence in the summary judgment record showed that plaintiff's father held legal and equitable title to the Feed Yard at the time of the bankruptcy filing in 1982. In accordance with 11 U.S.C. § 541, the district court concluded that the Feed Yard had thus been part of plaintiff's father's bankruptcy estate, and it therefore quieted title to the Feed Yard in favor of Jasperson, since his chain of title began with the bankruptcy trustee. [2]

In its order granting Jasperson's motion for summary judgment, the district court also struck an affidavit that plaintiff had submitted from his father, finding that the affidavit was submitted in order to create a sham fact issue. As explained by the district court:

> The belated assertions by way of an affidavit by [William G.] Boswell to the effect that he had no interest or title [in the Feed Yard] at the time he filed bankruptcy are found by the court to be distortions of the truth. The said affidavit contains averments directly contrary to sworn prior deposition testimony. The statements of [William G.] Boswell set forth in his affidavit appear to the Court to have been filed in order to create a sham fact issue, and the Court so finds.

*Boswell,* 266 F. Supp. 2d at 1320.

---

[2] Pursuant to 11 U.S.C. § 544(a)(3), the bankruptcy trustee is treated as a bona fide purchaser of all the real property in a bankruptcy estate, with perfection attaching at the time the bankruptcy petition is filed.

We review a grant of summary judgment de novo, applying the same standard as the district court. *Welding v. Bios Corp.*, 353 F.3d 1214, 1217 (10th Cir. 2004). A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate, however, if the party opposing the motion "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

We affirm the entry of summary judgment in favor of Jasperson for substantially the same reasons set forth by the district court in its comprehensive and well-reasoned decision. First, in deciding whether a summary judgment affidavit has been submitted in order to create a sham issue of fact, a district court must consider "whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which

the affidavit attempts to explain." *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1016 (10th Cir. 2002) (quotation omitted). In this case, plaintiff has made no showing that his father did not previously have access to pertinent evidence, nor has he shown that the summary judgment affidavit was based on newly discovered evidence or was simply submitted to clarify certain matters. As a result, because the record shows that William G. Boswell's affidavit contains averments that are directly contrary to his prior sworn deposition testimony, *see Boswell*, 266 F. Supp. 2d at 1317-18, we hold that the district court did not abuse its discretion in striking the affidavit, *see Lantec*, 306 F.3d at 1016-17 (reviewing district court's determination that summary judgment affidavit was submitted in order to create sham fact issue for abuse of discretion).

Second, we conclude that the district court did not abuse its discretion in determining that the copy of the altered warranty deed was inadmissible under Utah Code Ann. § 78-25-17 and Fed. R. Evid. 1003. *See Lantec,* 306 F.3d at 1016 ("We review a district court's decision to exclude evidence at the summary judgment stage for abuse of discretion."). Specifically, as found by the district court, plaintiff's "assertion that the deed was materially altered 'with the consent

-6-

of the parties affected by it,' as provided in Utah Code Ann. § 78-25-17, [3] is unsupported by competent evidence." *Boswell*, 266 F. Supp. 2d at 1320. Further, the district court made a reasonable determination that the copy of the altered warranty deed was inadmissible under Fed. R. Evid. 1003, because: (1) a genuine question has been raised as to the authenticity of the original altered warranty deed; and (2) under the circumstances of this case, it would be unfair to admit the copy in lieu of the original. *Id.* at 1321.

Having determined that the district court acted reasonably in excluding the copy of the altered warranty deed and William G. Boswell's affidavit, and having conducted a de novo review of the remaining admissible evidence in the record, we conclude that there is insufficient evidence in the record to support plaintiff's claim that his father did not hold legal or equitable title to the Feed Yard at the time of the bankruptcy filing in 1982. Accordingly, because plaintiff has failed to raise a genuine issue of material fact for trial with respect to his claim to

---

[3] Utah Code Ann. § 78-25-17 provides as follows:

The party producing as genuine a writing which has been altered . . . must account for the appearance of alteration. He may show that the alteration was made by another without his concurrence, or was made with the consent of the parties affected by it, or otherwise properly or innocently made, or that the alteration does not change the meaning or language of the instrument. If he does this, he may give the writing in evidence, but not otherwise.

ownership of the Feed Yard, the district court did not err in granting Jasperson summary judgment and quieting title in his favor.      [4]

Finally, we note that plaintiff argues in his opening brief that he did not have a "chance" to provide testimony either from himself or his father in opposition to Jasperson's motion for summary judgment.      *See* Aplt. Br., Statement of Issues at 1-2.  This argument is frivolous.  Under the Federal Rules of Civil Procedure, plaintiff was free to obtain and submit any admissible testimony he needed, either by affidavit, deposition, or otherwise, and he has made no showing that the district court somehow failed to follow the proper procedures under Fed. R. Civ. P. 56 or the discovery rules.  Moreover, the record indicates that plaintiff never moved under Fed. R. Civ. P. 56(f) for "a continuance to permit affidavits to

---

[4]      In his opening brief, plaintiff claims that "[i]n 1994, the Larsens issued another deed to me (a Quitclaim Deed) that corrected a mistake in the legal description in the original Warranty Deed.  I recorded that Quitclaim Deed in March of 1995."  Aplt. Br., Statement of Facts at 2, ¶ 11.  We also note that plaintiff submitted a copy of the 1994 deed to the district court as part of his opposition to the summary judgment motion.      *See* R., Vol. III, Doc. 87, Ex. 3. Even if it is authentic, the 1994 deed is insufficient to defeat Jasperson's motion for summary judgment, because the grantee on the deed is "Rafter 'B' Ranch, c/o William Boswell,"      *id.*, and, due to the lack of a middle initial, there is no way to determine based on the record before this court whether the grantee is plaintiff (William P. Boswell) or his father (William G. Boswell).  Consequently, without more, the 1994 deed does not support plaintiff's claim that the Larsens had consented to an alteration with respect to the grantee in the original warranty deed.

be obtained or depositions to be taken or discovery to be had." We also note that plaintiff was represented by counsel in the district court proceedings.

The judgment of the district court is AFFIRMED. We also DENY: (1) Jasperson's motion to dismiss this appeal on the ground that plaintiff failed to file his opening brief on or before the date when the brief was due; and (2) Jasperson's request for an award of damages and costs under Fed. R. App. P. 38.[5]

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[5] Jasperson's request for an award of damages and costs under Fed. R. App. P. 38 is set forth in his response brief. *See* Aplee. Br. at 15-17. The request is improper because this court "may not award such a sanction under Rule 38 without a separately filed motion or notice [from the court]." *Smith v. Kitchen*, 156 F.3d 1025, 1030 (10th Cir. 1997). Neither of these conditions has been satisfied here, as Jasperson has failed to file a separate motion under Rule 38, and we are not inclined to raise the issue of sanctions sua sponte.