**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 2, 2007**

**TENTH CIRCUIT**

| | |
|---|---|
| PAUL HUGGINS, JR., Prophet Evangelist Doctor Reverend/Kids Against Alcohol Drugs and Crime as KAADAC the First Black Ministry Nations of Isrum, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SAFEWAY, INC., actually named as Safeway et al./John Do female employer, <br><br> Defendant-Appellee. | No. 06-1423 <br> (D. Colorado) <br> (D.C. No. 06-cv-01095-ZLW) |

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.[**]

Paul Huggins, Jr., proceeding pro se, appeals the district court's sua sponte

dismissal of his complaint without prejudice for failure to comply with the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See FED. R. APP. P. 34(f); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

requirements of Rule 8 of the Federal Rules of Civil Procedure. We review the district court's decision for an abuse of discretion. See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Because Mr. Huggins is proceeding pro se, we construe his complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Upon review of Mr. Huggins's complaint, we discern no abuse of discretion in the district court's decision to dismiss it without prejudice. Rule 8 requires "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(A). These requirements ensure that the complaint "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Here, Mr. Huggins's complaint alleges that, while he was paying for gas at a Safeway store, a Safeway employee allowed other customers to have access to personal information on his credit card. According to Mr. Huggins, the employee "stated directly to me that I, am Penetration against you and I, am Penetration against all Black People" and told him that he was not allowed to come back into the store. Rec. doc. 3, at 2. Mr. Huggins asserts that this conduct violated his First and Second Amendment rights and his right to equal protection.

-2-

The constitutional provisions invoked by Mr. Huggins concern acts committed by the government or by persons acting under color of state law. See Smith v. Kitchen, 156 F.3d 1025, 1028 (10th Cir. 1997) ("A private individual falls within the scope of our Constitution's . . . guarantees only when the private actor may 'be fairly said to be a state actor.'") (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). From the allegations of Mr. Huggins's complaint, we see no indication that the government was involved in the alleged wrongdoing. Moreover, from Mr. Huggins's allegations, we can discern no other ground for the district court's jurisdiction or a claim for relief.

Accordingly, we AFFIRM the district court's dismissal of Mr. Huggins's complaint without prejudice. Appellant's motion to proceed in forma pauperis is denied.

Entered for the Court,


Robert H. Henry
United States Circuit Judge