**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3276
_____

WILLIAM BULLOCK,

                                        Appellant

v.

BIMBO BAKERIES USA INC;
ANGIE LASHOMB

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-01902)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2011

Before:  FUENTES, GREENAWAY, JR., and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 22, 2011)

_____

OPINION
_____

PER CURIAM

    William Bullock, pro se, appeals from the April 27, 2010 order of the United

States District Court for the Middle District of Pennsylvania granting judgment in favor

of Bimbo Bakeries USA and Angie LaShomb (the "Defendants"), and the July 1, 2010

1

order denying Bullock's "Motion for Clarification" of the order of the dismissal. For the reasons discussed below, we will affirm.

I.

Bullock's complaint arises from the Defendants' garnishment of Bullock's wages between February 2009 and December 2009. The garnishment was instituted pursuant to a Notice of Levy from the Internal Revenue Service ("IRS") which ordered the company[1] to turn over a percentage of Bullock's wages to satisfy unpaid taxes. Bullock complained to the company that he believed that the IRS did not have authority to apply a tax levy against him. He requested that the company discontinue or reduce the garnishment, which they refused to do absent a written directive from the IRS. In September 2009, Bullock brought suit against the Defendants asserting claims under Pennsylvania's criminal theft statutes and violations of his rights under the Fourth and Fifth Amendments to the United States Constitution.[2]

The Defendants moved for judgment on the pleadings. The Magistrate Judge issued a Report and Recommendation ("R&R) recommending that the Defendants' motion be granted because (1) Pennsylvania law does not permit a private right of action for theft; (2) Bullock's constitutional claims are not cognizable against the Defendants

---

[1] The District Court noted that although Bimbo Bakeries USA and Angie LaShomb were named as Defendants, the proper company-defendant is Carlisle Foods, Inc. Because the District Court dismissed the action in its entirety, it did not decide whether Bimbo Bakeries USA was a proper defendant in this case. Because we will affirm the judgment for the Defendants, we need not reach this issue either.

[2] The suit was originally brought in the Court of Common Pleas for Cumberland County, Pennsylvania. The Defendants removed the action to federal court in October 2009.

who are private parties, rather than governmental actors; and (3) pursuant to 26 U.S.C. § 6332, Defendants are immune from liability for honoring an IRS tax levy.

On April 27, 2010, the District Court adopted the R&R and entered judgment in favor the Defendants and against Bullock on all claims. On May 24, 2010, Bullock filed a "Motion for Clarification" asking the District Court to clarify certain points of its order. On July 1, 2010, the Court denied the motion as untimely and meritless. On July 23, 2010, Bullock filed a Writ of Mandamus, which we treat as a Notice of Appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291.[3] Our review of a ruling on a motion for judgment on the pleadings is plenary. Sikirica v. Nationwide Ins. Co., 416 F.3d 214,

---

[3] Even though the Appellees challenge our jurisdiction over this appeal, we are satisfied that we have jurisdiction. Subject to certain exceptions, a notice of appeal must be filed within 30 days from the disputed order's entry date. Fed. R. App. P. 4(a)(1)(A). The District Court entered its order of dismissal on April 27, 2010. Bullock filed his Notice of Appeal on July 23, 2010, more than 30 days later. However, on May 24, 2010, Bullock filed a Motion for Clarification of the District Court's April 27 final order, which we construe liberally. See United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) ("[F]ederal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se [litigant] and determine whether the motion is, in effect, cognizable under a different remedial statutory framework"). Although captioned a "Motion for Clarification," Bullock's motion, which argues that the district court's legal analysis was flawed, is effectively a motion for reconsideration under Rule 59(e). See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) ("Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error") (citation omitted). A timely filed motion under Rule 59(e) tolls the time to file an appeal until the District Court enters an order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv). Bullock filed his motion on May 24, 2010, within the 28 days required by Fed. R. Civ. P. 59(e). Therefore Bullock had 30 days from July 1, 2010, the date the District Court denied the Motion for Clarification, to file a notice of appeal. He did so on July 23, 2010, well within the 30-day limit.

3

219 (3d Cir. 2005). Judgment will be granted only where the moving party clearly establishes that there are no material issues of fact, and that he is entitled to judgment as a matter of law. DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008).

To the extent that Bullock's appeal challenges the District Court's July 1, 2010 ruling on his Motion for Clarification, we also have authority to review that order under 28 U.S.C. § 1291. We review an order denying a motion for reconsideration for abuse of discretion. Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003).

### III.

The allegations in the Complaint are that the Defendants violated Bullock's rights under the Fourth and Fifth Amendments to the United States Constitution by garnishing his wages in compliance with an IRS tax levy and that the Defendants are liable to him for theft of monies under 18 Pa. Cons. Stat. Ann. §§ 1106, 3901, 3903, 3921, 3923, and 3927.

Anyone who honors an IRS levy "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property. . . ." 26 U.S.C. § 6332(e). The District Court correctly concluded that the Defendants are immune from liability under this provision based on the allegations in the Complaint. See e.g., Congress Talcott Corp. v. Gruber, 993 F.2d 315, 318 (3d Cir. 1993) ("A third party who honors the levy and surrenders the property has no liability to the delinquent taxpayer"). Bullock's argument that a levy on a private citizen is not enforceable without a court order and notice of seizure is without merit, and in any event is irrelevant as § 6332(e) discharges the Defendants from any liability arising from its honoring of an IRS

4

levy, whether or not the levy was validly imposed.

Even if the Defendants were not insulated from liability by § 6332(e) for complying with the levy, Bullock has stated no other cognizable basis for relief. As the District Court properly determined, there is no private cause of action for alleged theft crimes under Pennsylvania law, and Bullock concedes as much in his brief on appeal. See Appellant's Br. 17. Bullock's claims under the Fourth and Fifth Amendments to the United States Constitution must also fail because they cannot be maintained against private actors. See Pub. Utils. Comm'n of D.C. v. Pollak, 343 U.S. 451, 461-62 (1952). Bullock's complaint does not allege that the Defendants are government actors, and the fact that the Defendants complied with an IRS tax levy by garnishing Bullock's wages is insufficient to characterize them as such. See e.g., Smith v. Kitchen, 156 F.3d 1025, 1029 (10th Cir. 1997) (holding that "where the only 'act' by the defendants was to comply with a lawful levy from the Internal Revenue Service, no reasonable person could conclude that the defendants can fairly be characterized as governmental actors"). We have considered Bullock's other arguments on appeal and find them without merit.

Bullock's Motion for Clarification did not introduce any new arguments or evidence and the District Court did not abuse its discretion in denying the motion.

IV.

For these reasons, we will affirm.