10-3530-cv
Graham v. Bank of America

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

Byron Innes Graham,

> *Plaintiff-Appellant*,

v.                                                            10-3530-cv

Bank of America, Ofc of CEO & Pres,
Essex County Child Support,

> *Defendants-Appellees*.

_____

FOR APPELLANT:          Byron Innes Graham, *pro se*, New Haven, CT.

FOR APPELLEES:          No appearance.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Byron Innes Graham, proceeding *pro se*, appeals from the district court's *sua sponte* dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).  We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.  We review *de novo* a district court's *sua sponte* dismissal of a complaint, *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), bearing in mind that a district court must dismiss an action when, as here, the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii).

Contrary to Graham's suggestion, the power of district courts to *sua sponte* dismiss meritless actions is well-established.  *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam).  Furthermore, a proper dismissal for failure to state a claim establishes that there were no facts to be tried, thus the Seventh Amendment right to a jury trial is not implicated.  *See Italian Star Line v. U.S. Shipping Bd. Emergency Fleet Corp.*, 53 F.2d 359, 360 (2d Cir. 1931) ("There is no violation of the right to trial by jury in dismissing a complaint for failure to establish a cause of action."). *See also Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 n.15 (7th Cir. 2009); *Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997).  Likewise, Graham's constitutional challenges to the district court's dismissal under  § 1915(e)(2)(B)(ii) fail. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1323–24 (11th Cir. 2001) (rejecting equal protection challenge to dismissal under the statute); *Christiansen v. Clarke*, 147 F.3d 655,

657–58 (8th Cir. 1998) (same); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (holding that the "*sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process"); *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 459 (2d Cir. 1996) (defining the phrase "involuntary servitude" under the Thirteenth Amendment).

We have reviewed Graham's remaining arguments on appeal and find them to be without merit. His complaint failed to state a claim substantially for the reasons articulated by the magistrate judge in her recommendation, *see Graham v. Bank of America*, 10-cv-1016 (D. Conn. July 8, 2010), which the district court adopted, *see Graham v. Bank of America*, 10-cv-1016 (D. Conn. Aug. 23, 2010).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3