**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSHUA LAMONT SUTTON,

     Plaintiff - Appellant,

v.

MATTHEW VAN LEEUWEN; BRIAN
GOWIN; ANTHONY RODERICK; FRAN
LEPAGE,

     Defendants - Appellees.

No. 17-1077
(D.C. No. 1:14-CV-02379-RM-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HOLMES**, Circuit Judges.
_____

Joshua Lamont Sutton, a Colorado state prisoner, appeals pro se from the

district court's adverse judgment. We dismiss this appeal as frivolous because

Mr. Sutton has failed to adequately present any issues for this court's consideration,

and we therefore assess a strike against Mr. Sutton for purposes of 28 U.S.C.

§ 1915(g).

---

   [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

We begin by briefly summarizing the most significant aspects of this case's somewhat lengthy procedural history. In Mr. Sutton's original complaint, he asserted multiple violations of his constitutional rights arising out of his arrest and confinement by a number of officers of the City of Pueblo, Colorado Police Department and the Pueblo County Sheriff's Office. The district court found the complaint deficient and ordered him to cure the deficiencies. Mr. Sutton filed an amended complaint. The district court found that complaint insufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 8 and also repetitious of causes of action he had filed in other cases. Accordingly, the district court ordered him to file an amended complaint. Mr. Sutton filed a second amended complaint. The court rejected that complaint, dismissing some claims as legally frivolous, and ordered him to file another amended complaint.

Mr. Sutton did so but then sought leave to file a fourth amended complaint. The fourth amended complaint asserted twelve claims against four defendants who are the appellees here (Van Leeuwen, Gowin, Roderick, and LePage). The district court dismissed some of the claims asserted in the fourth amended complaint sua sponte but otherwise accepted it.

Defendants Van Leeuwen and Gowin moved to dismiss the claims against them, and defendants Roderick and LePage filed an answer. A magistrate judge filed a report and recommendation that the motions to dismiss should be granted, concluding that the claims against Mr. Van Leeuwen were barred by *Heck v.*

2

*Humphrey*, 512 U.S. 477 (1994), that Mr. Van Leeuwen was otherwise entitled to qualified immunity because there was probable cause for him to arrest Mr. Sutton, and that Mr. Sutton failed to state a claim against Mr. Gowin for false imprisonment, malicious prosecution, or use of excessive force. Mr. Sutton filed objections to the recommendation, defendants Van Leeuwen and Gowin responded to those objections, and Mr. Sutton filed a reply.

Before the district court ruled on the recommendation, Mr. Sutton sought leave to file a fifth amended complaint, adding four defendants and some new claims. The magistrate judge recommended granting leave to amend in part and denying leave in part. Mr. Sutton and defendant Gowin both filed objections. But before the district court ruled on *that* recommendation and the objections to it, Mr. Sutton sought leave to file a sixth amended complaint. The magistrate judge recommended that the motion be denied. Mr. Sutton did not object to that recommendation.

The district court then issued a twenty-two page ruling on the outstanding motions and recommendations. The court (1) granted defendant Van Leeuwen and Gowin's motions to dismiss; (2) granted in part Mr. Sutton's motion for leave to file a fifth amended complaint (to allow amendment of claims against defendants Roderick and LePage) but otherwise denied that motion; and (3) denied Mr. Sutton's motion to file a sixth amended complaint.

The case then moved forward against defendants Roderick and LePage on four claims. Mr. Roderick filed a motion to dismiss, and both defendants filed a joint motion for summary judgment. The magistrate judge recommended granting

3

defendant Roderick's motion to dismiss for failure to state a claim because Mr. Sutton failed to allege a constitutionally protected liberty interest that requires a hearing before placement in administrative segregation. The magistrate judge also recommended granting the motion for summary judgment based on Mr. Sutton's failure to exhaust administrative remedies. Mr. Sutton then asked for an opportunity to file a response to the summary judgment motion out of time, which the district court denied because Mr. Sutton already had filed a response, which the magistrate judge had considered, and had not shown excusable neglect justifying the requested relief. Turning to the magistrate judge's recommendation, the district court rejected Mr. Sutton's contentions of procedural error and reviewed the recommendation for clear error because the court determined that Mr. Sutton had not raised specific objections to the substantive basis for the recommendation. Finding no clear error, the court granted the motion to dismiss and the motion for summary judgment. Mr. Sutton appealed.

## II. DISCUSSION

Although we construe pro se filings liberally, we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Federal Rule of Appellate Procedure 28(a) requires an appellant's brief to contain, among other things, "a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief," and "the argument, which must contain . . . appellant's

4

contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and . . . for each issue, a concise statement of the applicable standard of review." Fed. R. App. P. 28(a)(7)–(8). Thus, "[u]nder Rule 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority. When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett*, 425 F.3d at 841 (alteration, ellipsis, citation, and internal quotation marks omitted).

Mr. Sutton's opening brief falls wholly short in these important respects. As even our abbreviated recitation of the procedural history of this case shows, the district court entered many orders adverse to Mr. Sutton concerning a multitude of motions, four recommendations from the magistrate judge, and various objections (or the lack thereof) to the substance of those recommendations. In his opening appellate brief, Mr. Sutton identified several of the district court's orders but set forth no reasoned argument why any of them were erroneous other than to state the conclusion that they violated his "right to a jury trial," his "'Bill of Rights,'" or "other articles of the U.S. Constitution," Aplt. Opening Br. at 3, 4, and that the opposing parties' filings in district court "caused [him] confusion," *id.* at 4. Nor did he provide adequate record citations, and "[i]t is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made," *Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009).

5

In their answer brief, appellees called attention to these shortcomings, but Mr. Sutton made an inadequate attempt in his optional reply brief to rectify them. He asked us to examine various district court filings to deduce his arguments, but incorporation of district court filings is not "acceptable argument," and we "adhere to our rule that arguments not set forth fully in the opening brief are waived," *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998). His repetition of a wholly conclusory reason why he feels he should prevail on appeal (that he was denied his "Bill of Rights," in particular his right to a jury trial, *see* Reply at 4, 5, 6–7, 8, 10, 14), is of no avail because neither dismissal nor summary judgment violates the Seventh Amendment right to a jury trial. *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) (summary judgment); *Smith v. Kitchen*, 156 F.3d. 1025, 1029 (10th Cir. 1997) (dismissal).

Mr. Sutton also faulted the appellees for not attaching to their answer brief his objections to the magistrate judge's recommendations, which he says leads to the conclusion that his objections were detrimental to their arguments. All of his objections, however, appear in the record transmitted by the district court or appellees' supplemental appendix, so his effort to blame the appellees offers him no refuge from his briefing failures. He blamed this court for sending him a blank opening-brief form that does not set out all the parts of an opening appellate brief prescribed by the Federal Rules of Appellate Procedure, but the form makes clear that it is only "intended to guide [the pro se appellant] in presenting . . . appellate issues and arguments to the court," and that if more space is needed, "additional

6

pages may be attached," Aplt. Opening Br. at 1. The form also emphasizes that the appellant "*should fully set forth* all of the arguments that you wish the court to consider." *Id.* (emphasis added). We therefore see no reason this court's form should excuse the patent inadequacies in Mr. Sutton's briefing.

Finally, Mr. Sutton alleged that his prison law-library time had been substantially reduced while he was preparing his opening brief, so he asked for leave to amend that brief or, in the alternative, that we consider his reply brief as an amended opening brief. He did not explain, however, what he might say in an amended opening brief other than what he said in his reply, which we have concluded falls far short of the requirements for an opening brief.

### III. CONCLUSION

We dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Mr. Sutton has not presented a reasoned, non-frivolous argument. Accordingly, we assess a strike against Mr. Sutton for purposes of 28 U.S.C. § 1915(g) and deny his motion to proceed on appeal without prepayment of costs and fees. Mr. Sutton is directed to immediately pay the unpaid balance of the appellate filing and docketing fees. Mr. Sutton's motion to file an amended opening appellate brief is denied.

Entered for the Court

Jerome A. Holmes
Circuit Judge

7