FILED
United States Court of Appeals
Tenth Circuit

September 14, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SCOTT BRAITHWAITE,

    Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

    Defendant - Appellee.

No. 22-3037
(D.C. No. 2:21-CV-02152-TC-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT***

_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.

_____

Scott Braithwaite, proceeding pro se, appeals from the district court's

judgment in favor of the United States Department of Justice (DOJ) in his suit

alleging that employees of the Federal Bureau of Investigation (FBI) violated

employment laws and committed torts against him. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Among other provisions, Mr. Braithwaite's complaint cited Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Rehabilitation Act, the Genetic Information Nondiscrimination Act, and 42 U.S.C. §§ 1981a, 2000d–2000d-7, and 6101–6107. As summarized by the district court, Mr. Braithwaite averred that FBI employees have committed numerous abuses against him, "rang[ing] from employment discrimination to attempted murder, kidnapping, rape, wrongful disclosure of genetic information, psychological and physical torture, and an assisted suicide-murder act involving a Jacuzzi bath in Lenexa, Kansas." R. Vol. II at 773.

The district court granted summary judgment to the DOJ on Mr. Braithwaite's employment claims because the undisputed evidence showed that he had never applied for employment with the DOJ. It dismissed all claims sounding in tort under Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) because Mr. Braithwaite had not sued the proper defendant—the United States—under the Federal Tort Claims Act (FTCA). And finally, it dismissed the remaining claims under Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim) because the allegations "fail[ed] to cross the line from conceivable to plausible," and instead were "purely conclusory allegations of wrongdoing and conspiracy among government actors, which fail[ed] to meet the elements of any of the claims he [sought] to pursue." *Id.* at 776 (internal quotation marks omitted).

Our review is de novo. *See Dry v. United States*, 235 F.3d 1249, 1252–53 (10th Cir. 2000) (Rules 12(b)(1) and 12(b)(6)); *id.* at 1258 (summary judgment).

2

We construe pro se filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as [a pro se] litigant's attorney in constructing arguments and searching the record." *Id.*

Mr. Braithwaite asserts that the district court erred in not holding a jury trial on his claims. It is well settled, however, that summary judgment is an appropriate means of deciding a case when the plaintiff fails to produce evidence to support all the elements of his claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Likewise, dismissal is appropriate when a plaintiff fails to plead sufficient facts to establish a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). And neither disposition violates the Seventh Amendment right to a jury trial. *See Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) (summary judgment); *Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) (dismissal).

Mr. Braithwaite also complains about being denied a speedy trial. But speedy-trial provisions apply only in criminal cases. *See* U.S. Const. amend. VI; *United States v. Pasillas-Castanon*, 525 F.3d 994, 997 (10th Cir. 2008).

Mr. Braithwaite further asserts that the district court erred in declining his request for counsel. The record shows that he moved for appointed counsel on the same day he filed his complaint. The motion was referred to a magistrate judge, who evaluated relevant factors and concluded that the majority of them weighed against appointing counsel. Although the magistrate judge's order notified Mr. Braithwaite that he must file timely objections with the district court to preserve his right to

3

challenge the denial of his motion, he failed to file any objections. Thus, under our "firm waiver rule," he has "waive[d] appellate review of both factual and legal questions" regarding his motion to appoint counsel. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005).[1]

Regarding the district court's grounds for granting judgment to the DOJ, Mr. Braithwaite fails to identify any evidence showing that he ever applied for employment with the DOJ. He also fails to establish that the FTCA is inapplicable or that the DOJ is the appropriate defendant under the FTCA. Finally, he makes only conclusory statements that his allegations stated a claim. He therefore has waived the ability to challenge the grounds supporting the judgment. *See Garrett*, 425 F.3d at 841 ("Issues will be deemed waived if they are not adequately briefed." (brackets and internal quotation marks omitted)).

For these reasons, we affirm the district court's judgment, and we deny Mr. Braithwaite's motions to "Order Alter, Amend the Judgement, or to Grant a Trial

---

[1] Mr. Braithwaite filed two more motions for appointed counsel after the district court entered judgment against him. The magistrate judge denied the motions without prejudice because Mr. Braithwaite already had filed his notice of appeal and the motions were captioned as if filed in this court. It is not clear whether Mr. Braithwaite intended to appeal from the denial of those motions, but his opening brief was filed within the time period for filing a notice of appeal. *See Nolan v. U.S. Dep't of Just.*, 973 F.2d 843, 846 (10th Cir. 1992) ("[A]n appellate brief may serve as a functional equivalent of a notice of appeal."). Assuming that he did intend to appeal from those orders, we see no abuse of discretion in denying the post-judgment motions. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) (stating that we review the denial of appointed counsel for abuse of discretion).

in the U.S District Court of the District of Kansas" and "Order to Amend or Make

Additional Findings of Facts in Trial."

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge