Jose YEYILLE, Plaintiff–Appellant,

v.

MIAMI DADE COUNTY PUBLIC SCHOOLS, Lisa Robertson, in her individual and official capacity, as Principal of John A. Ferguson Senior High School, Armandina Acosta–Leon, in her individual and official capacity, as Asst. Principal of John A. Ferguson Senior High School, Asuncion Valdes, in her individual and official capacity, as Payroll and Substitute Teacher locator of John A. Ferguson Senior High School, Egna Rivas, in her individual and official capacity, as Attendance Office Secretary of John A. Ferguson Senior High School, et al., Defendants–Appellees.

No. 15–13053
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 22, 2016.

Jose Yeyille, Miami, FL, pro se.

Luis Michael Garcia, Sara M. Marken, Miami, FL, for Defendants–Appellees.

Before MARTIN, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jose Yeyille, a lawyer proceeding *pro se*, appeals the district court's dismissal with prejudice of his third amended complaint, as well as its denial of his motion for relief from that judgment. Yeyille argues on appeal that the district court abused its discretion by dismissing his complaint with prejudice, because his 148–page, 30–count complaint was not a "shotgun pleading." He also argues that the district court abused its discretion by denying his motion for relief from the judgment, because the district court's dismissal order violated his Seventh Amendment right to a jury trial. After careful consideration, we affirm.

I.

A district court is authorized to dismiss an action for failure to obey a court order or the Federal Rules of Civil Procedure.

*See* Fed.R.Civ.P. 41(b). In "extreme circumstances," the dismissal may be with prejudice. *See Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985). We review such dismissals for abuse of discretion. *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir.1999) (per curiam). A Rule 41(b) dismissal with prejudice is appropriate only when there is "a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Id.* (quotation omitted). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989). Also, while we ordinarily construe pleadings filed by *pro se* parties liberally, this rule does not apply when the litigant is an attorney. *Olivares v. Martin,* 555 F.2d 1192, 1194 n. 1 (5th Cir.1977).[1]

Federal Rule of Civil Procedure 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," with each allegation framed in "simple, concise, and direct" terms. Fed.R.Civ.P. 8(a)(2), (d)(1). To the extent possible, each claim should be presented in a separate paragraph and limited to "a single set of circumstances." Fed.R.Civ.P. 10(b).

"Shotgun" pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements. We have repeatedly condemned shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321–23 nn. 11–15 (11th Cir.2015). There are four basic types of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "re-

plete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to ... give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Brevity is the soul of wit. Yeyille has filed several complaints of increasing length and complexity, ending with a third amended complaint comprised of 403 paragraphs spanning 148 pages and alleging 30 counts, which sound in everything from the Racketeer Influenced and Corrupt Organizations Act to the Equal Protection Clause to the Trafficking Victims Protection Act. Despite an explicit warning from the district court that his previous complaints were shotgun pleadings and that his third amended complaint must be more concise and organized, Yeyille significantly *increased* the length of that complaint and added new claims. The district court did not abuse its discretion by dismissing this complaint with prejudice.

■ The district court correctly concluded that Yeyille's third amended complaint, like the previous versions, was a shotgun pleading. Rather than using short and plain statements as required by the Federal Rules, the third amended complaint included an 85–paragraph fact section spanning 31 pages, much of it written in narrative, diary-like form. Many of the facts were not obviously related to any of Yeyille's claims, which apparently center

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *Id.* at 1209.

on Ferguson Senior High School's practice of giving its substitute teachers administrative work when they are not filling in for full-time teachers. For instance, Yeyille alleged that one of the school's police officers engaged in "attentive, but discreet, surveillance" of him, that the assistant principal stood "within less than two feet" of him during a pep rally, and that a coworker talked to him about Noah's Ark. Indeed, many of the facts alleged in Yeyille's third amended complaint seem to just concern people looking at him the wrong way. And while some of Yeyille's counts referenced particular paragraphs in the facts section, many did not. Several counts even incorporated the entire facts section or other counts, explicitly or functionally.

■ This complaint is a quintessential shotgun pleading of the second type identified in *Weiland. See Weiland,* 792 F.3d at 1321–22 (pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). Given Yeyille's repeated refusal to reduce the length of his complaint—even after he was warned to do so—we cannot say that the district court abused its discretion by dismissing Yeyille's third amended complaint with prejudice. There is a record here of contumacious disregard for the court's orders by an attorney, as well as a specific finding by the court that no lesser sanction would suffice. This satisfies the rigorous standard for dismissal with prejudice.[2] *See Gratton,* 178 F.3d at 1374.

## II.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.,* 198 F.3d 1332, 1338 (11th Cir.1999). Rule 60(b)(6) allows a party to secure relief from a judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). This clause "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances" as well as proof that "an extreme and unexpected hardship" will result if relief is not granted. *Griffin v. Swim–Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984) (quotation omitted).

Yeyille argues that he was entitled to relief from the district court's judgment under Rule 60(b)(6) because the court's dismissal order violated his Seventh Amendment right to a jury trial. He appears to argue that the district court's pretrial dismissal of his complaint under the "dogma" of *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), usurped the jury's fact-finding role. We cannot agree.

■ Whether to grant a Rule 60(b)(6) motion is within the district court's sound discretion. *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir.2006) (per curiam). Yeyille has shown no exceptional circumstance that warrants relief. A plaintiff's right to a jury trial is not violated merely because his case is dismissed before trial. *See Garvie v. City of Ft. Walton Beach,* 366

---

**2.** The district court was not required to dismiss Yeyille's two state-law claims without prejudice. First, the state-law claims were secondary to his federal claims and did not predominate the proceedings. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("[I]f the federal claims are dismissed before trial ... the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate ... the state claims may be dismissed without prejudice and left for resolution to state tribunals." (citation omitted)). Second, *Gibbs* does not mandate dismissal without prejudice even when the state-law claims do predominate. *See id.*

F.3d 1186, 1190 (11th Cir.2004) (holding that the court's grant of summary judgment did not violate the plaintiff's Seventh Amendment right to a jury trial, and describing the plaintiff's argument that it did as "very misleading"). There is no requirement to conduct a jury trial when there is no genuine issue to be tried. *See id.; see also Smith v. Kitchen,* 156 F.3d 1025, 1029 (10th Cir.1997) (applying this principle to a Rule 12(b)(6) dismissal); *Haase v. Countrywide Home Loans, Inc.,* 748 F.3d 624, 631 n. 5 (5th Cir.2014) (same). The district court did not abuse its discretion by denying Yeyille's Rule 60(b) motion.

**AFFIRMED.**