FILED
United States Court of Appeals
Tenth Circuit

May 22, 2019

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JAMES RUDNICK,

     Plaintiff - Appellant,

v.

RICK RAEMISCH; JOHN
CHAPDELAINE; JENNIFER
ANDERSON; NICOLE WILSON; ERIC
HOFFMAN; BROWN; DAVID CUSTER;
DARREN COREY; WILLIAM
SHERWOOD,

     Defendants - Appellees.

No. 18-1260
(D.C. No. 1:16-CV-02071-RM-KLM)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.
_____

James Rudnick appeals a district court order dismissing his 42 U.S.C. § 1983

complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Rudnick sued numerous individuals employed by the Colorado Department of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Corrections ("CDOC"). He alleged defendants violated his constitutional rights by restricting his access to the prison's law library and his ability to print legal materials; viewing, sharing, and threatening to delete his legal files; and confiscating his personal eyeglasses and replacing them with state-issued eyeglasses.

From the 186 pages comprising the second amended complaint, the district court discerned seven claims for relief: (1) blocked access to the courts in violation of the First Amendment; (2) seizure of legal materials in violation of the Fourth Amendment; (3) denial of due process and equal protection regarding access to legal files; (4) violation of the right to confidentiality; (5) retaliation in violation of the First Amendment; (6) deliberate indifference to medical needs; and (7) unconstitutional policies concerning administrative remedies.

Acting under 28 U.S.C. § 1915(e)(2)(B)(i), the district court sua sponte dismissed various defendants against whom there were no allegations of personal participation, and dismissed claims for monetary damages against other defendants sued in their official capacities. It also denied Rudnick's motion for injunctive relief. In an interlocutory appeal, we affirmed the injunction ruling. See Rudnick v. Raemisch, 731 F. App'x 753, 756 (10th Cir. 2018) (unpublished).

The remaining defendants moved to dismiss in the district court. A magistrate judge recommended Rudnick's claims be dismissed because he failed to allege a plausible constitutional violation and defendants were entitled to qualified immunity. Over Rudnick's objections, the district court accepted that recommendation and entered judgment in defendants' favor. Rudnick now appeals.

## II

We review de novo the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) due to qualified immunity. Denver Justice & Peace Comm., Inc. v. City of Golden, 405 F.3d 923, 927 (10th Cir. 2005). "To survive a motion to dismiss based on qualified immunity, the plaintiff must allege sufficient facts that show—when taken as true—the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." Schwartz v. Booker, 702 F.3d 573, 579 (10th Cir. 2012).

Rudnick argues that dismissal was inappropriate because his claims were supported by the weight of the evidence and because the district court did not consider all his filings cumulatively. On a Rule 12(b)(6) motion, however, the focus of the judicial inquiry is on the complaint's factual allegations. See SEC v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). A district court may consider "documents that the complaint incorporates by reference" and "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (quotation omitted). But Rudnick does not explain how any specific document he filed supports the plausibility of any particular claim for relief. Although we liberally construe a pro se litigant's filings, we nevertheless require a pro se litigant to provide "succinct, clear and accurate" arguments "with citations to the authorities and parts of the record on which [he] relies." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840-41 (10th Cir. 2005) (quotation omitted). We may not "serv[e] as the litigant's attorney in constructing arguments and searching the record." Id. at 840.

3

Rudnick contends the district court erred by deciding the motion to dismiss without a hearing. But a hearing on a motion to dismiss is not required. See Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 215 (2007). To the extent Rudnick asserts that his right to a jury trial forecloses a motion to dismiss, he is mistaken. See Smith v. Kitchen, 156 F.3d 1025, 1029 (10th Cir. 1997). Rudnick further argues the district court erred by failing to include in its ruling the facts and law cited in his injunction appeal and by construing his complaint as containing seven claims rather than five claims. But he again fails to explain how these points bear on the plausibility of any of his claims for relief.

On the merits, Rudnick argues the deprivation of proper eyeglasses violates the Eighth Amendment. He is correct that "the removal of [an inmate's] prescription eyeglasses" is constitutionally problematic. Mitchell v. Maynard, 80 F.3d 1433, 1443 (10th Cir. 1996). But Rudnick alleged he was given state-issued eyeglasses that matched a prior prescription, and he was given the opportunity for an eye exam and new state-issued eyeglasses within one year. These allegations do not support a plausible deliberate indifference claim, which requires that a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Next, Rudnick contests the dismissal of his claim that CDOC grievance procedures violate his procedural due process rights. As the magistrate judge correctly pointed out, however, prisoners lack a liberty interest in grievance procedures. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); see also Geiger v. Jowers, 404

4

F.3d 371, 374 (5th Cir. 2005) (per curiam).  Accordingly, Rudnick's procedural due process claim fails.

Finally, Rudnick challenges the dismissal of his access-to-courts claim.  But a plausible access-to-courts claim requires a prisoner demonstrate he "was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement."  Gee, 627 F.3d at 1191.  Rudnick fails to carry this burden.

### III

**AFFIRMED**.  Because Rudnick fails to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis, and we direct him to make full and immediate payment of all outstanding appellate filing fees.[1]

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] To the extent Rudnick's May 2, 2019 "Demand for Order" requests waiving the appellate filing fee due to the expenses of his multiple other court cases, the request is denied.  See 28 U.S.C. § 1915(b)(1).